## 50052. PITTS v. CITY OF MACON et al.

BELL, Chief Judge.

Plaintiff brought this suit against the City of Macon, its chief of police, and another defendant Cameron. The amended complaint alleged that plaintiff's car was reported stolen to the Macon Police Department and then recovered by it; that the police department failed to inform plaintiff; that later the car was sold by the city to defendant Cameron. The plaintiff prayed for relief in the alternative. From the city or the chief of police she demanded $430 for hire for the unlawful detention of the vehicle. From the chief of police she demanded $400 for the value of the vehicle at the time the police came into the possession of the vehicle. From Cameron she demanded the vehicle or the fair market value of the automobile at the time it came into his possession. Cameron did not answer the complaint and plaintiff obtained a judgment by default from him which awarded her possession of the vehicle. The other defendants' motions to dismiss were granted. *Held:*

1. (a) Plaintiff's complaint states an action in trover

and nothing else. As to the city, any liability under the complaint would have to be on a theory that it is liable for the tortious act of the chief of police as it is alleged that the vehicle was sold under his direction. Code § 69-307 states: "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." Thus, the grant of the city's motion to dismiss was correct.

(b) As noted above, the chief of police allegedly directed the sale of the car. "Members of the council and other officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers, if done oppressively, maliciously, corruptly, or without authority of law." Code § 69-208. Even assuming that plaintiff could establish at trial that defendant chief's conduct falls within the above statute, she cannot recover from him. In a trover suit a plaintiff may elect several alternative verdicts, one of which is to obtain possession of the property. Code § 107-105. By taking the default judgment against Cameron for the property, plaintiff precluded herself from any other relief. Dismissal of the complaint as to the chief of police was also proper.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1975 — DECIDED APRIL 7, 1975.

*M. Victor Geminiani, Steven F. Granberg, Emerson R. Marks, Jr.,* for appellant.
*Lawton Miller, Jr.,* for appellees.