## 62307. CLARK et al. v. WEAVER et al.

CARLEY, Judge.

Appellant-plaintiff, individually and as administrator of the estate of Earnest R. Clark, Jr., plaintiff's deceased husband, filed three separate but identical complaints in the Superior Courts of Fulton, DeKalb and Gwinnett Counties against all of the appellees ·alleging professional negligence resulting in severe personal injuries to, and ultimately the death of, Mr. Clark. At all times relevant to plaintiff's action, appellees Payne, Katz and Funk were licensed doctors of osteopathy; appellee Weaver was a licensed doctor of medicine; and appellee Georgia Osteopathic Hospital, Inc., operated Doctors Hospital, a facility located in Tucker, DeKalb County, Georgia. At the time of the filing of the complaints appellees Funk and Georgia Osteopathic Hospital, Inc., were residents of DeKalb County, Georgia; appellees Payne and Katz were residents of Gwinnett County; and appellee Weaver was a resident of Fulton County, Georgia. Appellant contends — and for the purposes of resolving the issues raised on appeal, we will assume — that all three complaints were filed "simultaneously at the same moment." This appeal arises out of the DeKalb County action in which appellees Funk and Doctors Hospital initially filed a motion to stay and a consent order was entered staying the action. Subsequently, appellant-plaintiff filed an "election to proceed first in Fulton County." Thereafter, appellees Funk and Doctors Hospital moved to dismiss the DeKalb County suit pursuant to Code Ann. § 3-601. From the trial court's order dismissing her complaint, appellant appeals.

Code Ann. § 3-601 provides as follows: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times."

Appellant, by her argument below and in this court, urges that under a proper construction of the Code section, she was entitled to actively pursue the Fulton County action while leaving pending the suits filed in DeKalb and Gwinnett Counties. Placing emphasis upon certain phraseology of the Code section, appellant contends that since she caused the cases to be "commenced simultaneously" she can select one to pursue and keep the others pending. Continuing with this analysis of the Code section, plaintiff submits that had the suits been filed at different times, the first suit would have been the only viable one, there being "a good defense" to the later filed actions. The defendants argue that of the three lawsuits only one can remain

pending at the same time and because plaintiff chose to proceed with the Fulton County action, she cannot also keep alive the case in DeKalb.

It appears that this issue is one of first impression in Georgia, the parties having cited no cases on all fours and we having found none. First, let us recognize the motivation for plaintiff's counsel's strategy in "simultaneously filing" the three lawsuits. Each of the complaints alleges joint medical negligence against all the defendants. Under the established rules of law a verdict for the resident defendant in any one of the three forums would oust that court of jurisdiction to enter judgment against the nonresident defendants even if the jury returned a verdict in favor of plaintiff against the nonresident defendants. *Southeastern Truck Lines v. Rann,* 214 Ga. 813 (108 SE2d 561) (1959). While we understand the strategic impetus for the simultaneous filings and admire the ingenuity of counsel, a common sense reading of the Code section demonstrates that the trial court correctly dismissed the DeKalb County action. The legislative declaration in Code Ann. § 3-601 is totally consistent with prevailing jurisprudential philosophy that "[a] party is not entitled to prosecute a suit for the same cause of action in different Courts, or in the same tribunal, at the same time." *Hartell v. Searcy,* 32 Ga. 190, 191 (1861). Contrary to plaintiff's innovative assertion, the statute does not provide a litigant faced with a multiforum dilemma with a way around the law's proscription of a multiplicity of suits on the same cause of action against the same parties. Rather, it simply provides the mechanism by which the one viable action is to be determined. If the actions are commenced at different times, the plaintiff has no election, must proceed with the initially filed action, and such former suit "shall be a good defense to the latter. . ." If, however, the suits are filed simultaneously none of the actions is either "former" or "latter." Therefore, in such a simultaneous filing situation, the plaintiff must select the case he will pursue and the others must be dismissed. It is to be noted that the statute allows the "plaintiff to elect the case which he will prosecute . . ." and not the one which he will *first* prosecute.

In this case the plaintiff elected to prosecute the Fulton County proceeding and under our construction of Code Ann. § 3-601, she could not continue to keep pending the remaining suits based on the same cause of action. The trial court correctly dismissed the DeKalb County complaint.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 17, 1981.

*James E. Carter, William D. Acey,* for appellants.
*William E. Zachary, Sr., Hunter S. Allen, Jr., Michael T. Bennett, Sidney F. Wheeler,* for appellees.