## 64120. HOWARD v. PARKER.

BIRDSONG, Judge.

Summary Judgment. Henry Howard, Sr. died intestate leaving as his survivor, the appellee, Mildred Parker. Mrs. Parker had possession of the tangible personal property of her deceased companion, including a 1978 Buick Riviera automobile. Henry Howard died in April, 1978. The appellant Linda Howard, Henry's ex-wife, was appointed the administratrix of Henry Howard's estate in September, 1978. In November, 1978, Linda Howard as administratrix of Henry's estate filed a complaint against Parker seeking eighteen items of personalty allegedly in the possession of Parker which belonged to the estate. These items included the 1978 Riviera and in totality were estimated to have a value of $15,300. In her prayer, Mrs. Howard sought either the $15,300 or alternatively, the return of the property with judgment for hire or profits. Following service upon Parker, no answer was filed, and on May 29, 1979, a default judgment was entered against Parker. In the absence of a transcript, we will assume that Mrs. Howard elected to have judgment entered for return of the property for that is the substance of the judgment entered by the superior court, awarding all the property to the administratrix, but without any award of hire or profits. Post-judgment contempt citations unsuccessfully sought litigation costs and attorney fees.

The record does not specifically reflect what had occurred in relation to the car before or after the default judgment of May 29, 1979, except that Parker showed, without contradiction, that she parked the car on and after that date and operated it no further. Apparently Linda Howard had difficulty locating the property in the possession of Parker and the possession of the Riviera was not obtained until August, 1979. At that time, Mrs. Howard noted that

the car had been operated such a number of miles that it was clear Parker had driven the car at least during the time between Howard's death and May 29, 1979, and that certain damages had been inflicted upon the auto. Mrs. Howard then brought the present complaint seeking damages for loss of rental, mileage, abusive use of the auto, depreciation while in custody of Mrs. Parker, attorney fees, and punitive damages. After admissions and interrogatories, Parker moved for a dismissal upon the ground that Mrs. Howard's complaint was barred by the earlier adjudication between the same parties, involving the same property which had resulted in a final disposition of the matter.

The trial court, after considering the pleadings and supporting documents, treated the motion as one for summary judgment and based upon Parker's motion, granted her summary judgment on the ground the complaint was barred by the doctrine of res judicata. Mrs. Howard brings this appeal urging error in the grant of the motion, admitting that the parties are the same in the two suits but arguing that the issues are different. *Held:*

There is no evidence in the record indicating exactly when the damage to the automobile occurred but there is uncontradicted evidence that the car was parked on and after May 29, 1979, thus tending to indicate that mileage, use, and damage to the auto all occurred prior to the default judgment of May 29, 1979. Thus it would appear that the rights between the parties became fixed as of the default judgment granting possession to Mrs. Howard.

Code Ann. § 107-105, in substance, provides that in a suit to recover personal property, the plaintiff may elect to recover, alternatively, the property or its value, solely damages, or the property and its hire. By taking default judgment against Parker for the property, Mrs. Howard precluded herself from any other of the alternative forms of relief. *Pitts v. City of Macon,* 134 Ga. App. 467, 468 (214 SE2d 720). Moreover, a judgment of a court of competent jurisdiction is conclusive between the same parties as to all matters put in issue, or which might have been put in issue in the cause wherein the judgment was rendered. Code Ann. § 110-501; *Brown v. Interfaith Christian Church,* 155 Ga. App. 928 (274 SE2d 18). Each of the matters now alleged in the present complaint, i.e., rental, mileage, damage to the auto, depreciation, attorney fees, and punitive damages could have been elected, and proved in the original suit. " 'Justice requires . . . that every cause be once fairly and impartially tried; but the public tranquility demands, that having been once so tried, all litigation of that question and between those parties, should be closed forever.' " *Morris v. Ga. Power Co.,* 65 Ga. App. 180, 188 (15 SE2d 730).

Mrs. Howard seeks to question the impact of Code Ann. § 107-105 wherein it requires selection of remedies upon Code Ann. §§ 113-1207 and 113-1507 which require the collection and preservation of assets of an estate and just and timely payment of debts of the estate. We discern no inconsistency in these code sections. Mrs. Howard in her capacity as administratrix properly could exercise an election of remedies in the best interest of the estate and in the absence of the exercise of grossly poor judgment in that election still fully comply with the requirements of the duties imposed upon her as administratrix by Code Ann. §§ 113-1207 and 113-1507.

We find no error by the trial court in the grant of summary judgment to Mrs. Parker under the facts and circumstances of this case.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 16, 1982.

*Kathrine D. Arrington,* for appellant.
*John C. Tyler,* for appellee.