65851. BRANTLEY et al. v. SPARKS.

CARLEY, Judge.

Appellant-plaintiffs filed their original complaint against appellee-defendant on December 22, 1980. On April 29, 1981, appellee served interrogatories on appellants. On June 11, 1981, appellants were apparently granted a fifteen-day extension of time within which to answer the interrogatories. When answers to the interrogatories were not forthcoming by July 15, 1981, appellee filed a

motion to compel discovery pursuant to OCGA § 9-11-37 (a) (1), (2) (Code Ann. § 81A-137). On August 3, 1981, the trial court granted the motion to compel and ordered appellees to answer the interrogatories by August 24, 1981. When appellants did not answer the interrogatories within the time ordered, appellee moved for the imposition of sanctions. After conducting a hearing on appellee's motion, the trial court entered an order on September 28, 1981, which found that appellants had "shown no good reason" for their failure to answer interrogatories and which dismissed the complaint pursuant to OCGA § 9-11-37 (b) (2) (C) (Code Ann. § 81A-137). Appellants filed no appeal from this order dismissing the original complaint.

On March 22, 1982, however, appellants filed another complaint against appellee. This second complaint contained exactly the same material allegations and asserted the same claim for relief as appellants' original complaint which had been dismissed. Appellee answered this second complaint and based upon the dismissal of appellants' original complaint, raised the affirmative defense of res judicata. Appellee then moved for summary judgment on the res judicata defense. A hearing was held and the trial court granted appellee's motion for summary judgment. It is from this order granting appellee summary judgment as to the second action that appellants bring the instant appeal.

OCGA § 9-11-41 (b) (Code Ann. § 81A-141) "authorizes the trial court, upon motion, to dismiss any action for failure of the plaintiff to comply with an order of the court . . . The court's order of dismissal not otherwise specifying, the dismissal of [appellants'] complaint acted as an adjudication on the merits . . ." *Weeks v. Weeks,* 243 Ga. 416 (254 SE2d 366) (1979). Appellants' sole contention in opposition to the grant of summary judgment to appellee in the instant case is that the dismissal of their original complaint for failure to comply with the court's order compelling discovery was "an overly harsh and inappropriate sanction . . ." There was no appeal from the order dismissing appellants' original complaint and, as noted above, that order was an adjudication on the merits. The trial court did not err in granting appellee's motion for summary judgment based upon the defense of res judicata. *Zaun v. Nobles,* 128 Ga. App. 846 (198 SE2d 326) (1973), cert. dismissed 231 Ga. 491 (202 SE2d 447) (1973).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 23, 1983 —
REHEARING DENIED JULY 7, 1983.

*Elsie H. Griner,* for appellants.

*Hubert H. Howard, Kenneth R. Carswell,* for appellee.