67768. FLANDERS v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

SOGNIER, Judge.

Georgia Farm Bureau Mutual Insurance Company (GFB) brought suit against A. O. Flanders in the name of its insured, Floye Simon. Flanders failed to answer and default resulted. Flanders moved the trial court to open the default and a hearing was had. Flanders testified why he had not answered the suit; nevertheless, the motion to open default was denied. After a jury trial on the amount of damages, judgment was entered against Flanders. Flanders' appeal of the trial court's order denying his motion to open default was unsuccessful. *Simon v. McGee Plumbing &c. Co.*, 164 Ga. App. 667 (299 SE2d 388) (1982). Flanders then filed the instant suit seeking to set aside the judgment and to recover actual and punitive damages for alleged fraudulent acts of GFB in obtaining the default. The trial court granted GFB's motion to dismiss and Flanders appeals.

Appellant contends the trial court erred by granting appellee's motion to dismiss his complaint on the basis of res judicata. Res judicata is not one of the specified grounds of a motion to dismiss set out in OCGA § 9-11-12. However, res judicata, an affirmative defense, may be properly raised by motion where "the facts are admitted or are not controverted or are completely disclosed on the face of the

pleadings and nothing further can be developed by a trial of the issue
. . ." *Ezzard v. Morgan*, 118 Ga. App. 50, 51 (162 SE2d 793) (1968);
*Miller v. Columbus, Ga.*, 229 Ga. 234 (1) (190 SE2d 535) (1972). See
also *Lee v. Southeastern Plumbing &c. Co.*, 243 Ga. 128 (252 SE2d
905) (1979). Appellant does not controvert the facts in *Simon*, supra.

In order for the doctrine of res judicata to apply, there are three
prerequisites to which the situation must conform: (1) identity of the
parties; (2) identity of the cause of actions; and (3) adjudication by a
court of competent jurisdiction. *Ga. Cas. &c. Co. v. Randall*, 162 Ga.
App. 532, 533 (292 SE2d 118) (1982).

(1) In Paragraphs 11 and 12 of his complaint, appellant states
that it was appellee who brought the earlier action against him and
obtained judgment. This constitutes an admission in judicio (OCGA §
24-4-24 (b) (7)) and since the admission was neither withdrawn nor
stricken, appellant is estopped from showing to the contrary. *Sum-
merlot v. Crain-Daly Volkswagen*, 138 Ga. App. 839 (227 SE2d 463)
(1976). Therefore, appellant admitted there was an identity of parties.

(2) A judgment of a court of competent jurisdiction is conclusive
between the same parties as to all matters put in issue or which under
the rules of law might have been put in issue in the cause wherein the
judgment was rendered. OCGA § 9-12-40; *Howard v. Parker*, 163 Ga.
App. 159, 160 (293 SE2d 548) (1982). Our understanding of this rec-
ord convinces us that all matters raised by the equitable petition ei-
ther were put in issue at the motion to open default or might have
been put into issue then. See *Ga. Farm Bldgs. v. Willard*, 165 Ga.
App. 325 (1) (299 SE2d 181) (1983); *Brown v. Interfaith Christian
Church*, 155 Ga. App. 928 (274 SE2d 18) (1980). "Questions between
parties once and finally settled by a final judgment must be consid-
ered as ending the litigation as to those matters as between those par-
ties. They cannot be relitigated in other actions either directly or in-
directly. [Cit.]" *Ga. Farm Bldgs.*, supra at 327. Equity is not designed
to aid one by intervening to set aside a judgment of a court of compe-
tent jurisdiction obtained by the default of the moving party and
which might have been avoided except for the failure of the default-
ing party to answer the original complaint or to fully present the rea-
sons for failing to answer when the opportunity was presented in the
form of a hearing on a motion to open default. See *Brown*, supra at
929.

(3) The third element, adjudication by a court of competent ju-
risdiction, is not in issue here.

Therefore, because this case conforms to all three prerequisites of
the doctrine of res judicata, *Ga. Cas. &c. Co.*, supra, we affirm the
trial court's dismissal of appellant's case on the basis of res judicata.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

Decided May 22, 1984 —
Rehearing denied June 14, 1984 —

*J. Franklin Edenfield*, for appellant.
*Millard B. Shepherd, Jr.*, for appellee.