## 74676. LINER et al. v. NORTH.
(360 SE2d 637)

BANKE, Presiding Judge.

Appellants filed suit in the Superior Court of Walker County against North, individually and as executor of the estates of Fannie and Leroy Monds. On that same date, they filed suit in the Probate Court of Walker County against North as executor of the estate of Leroy Monds. This appeal is from the grant of the appellee's motion to dismiss the superior court action pursuant to OCGA § 9-2-5, based on the pendency of the simultaneously filed probate court action. *Held*:

1. Appellants contend that an attack based on simultaneous pleadings must be made by motion for summary judgment rather than by motions to dismiss. This contention is without merit. Because such an attack does not go to the merits of the underlying claim, it is more appropriately asserted by a motion to dismiss. Accord *Dawson v. McCart*, 169 Ga. App. 434, 435 (313 SE2d 135) (1984). See generally *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974); *Hilliard v. Edwards*, 169 Ga. App. 808, 809 (315 SE2d 39) (1984).

2. OCGA § 9-2-5 provides in pertinent part, as follows: "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute." In such a situation, the "plaintiff must select the case he will pursue and the others must be

dismissed." *Clark v. Weaver*, 159 Ga. App. 594, 595 (284 SE2d 95) (1981).

"[S]eparate actions involve the 'same cause' . . . where the relief requested relates to substantially the same set of facts." *Cooper v. Public Fin. Corp.*, 146 Ga. App. 250, 252 (246 SE2d 684) (1978). " 'Generally, a single cause of action with several elements of damage admits of but one action, where there is an identity of subject-matter and of parties.' [Cits.]" Id. at 251.

Appellants urge they are entitled to pursue the probate and the superior court actions simultaneously, both because the relief sought in each case is different and because the defendant in each case is different. We disagree. Both suits clearly involved the same defendant and the same transactions, and both sought substantially the same relief, as evidenced by the appellants' own motion to consolidate the actions filed prior to the trial court's ruling on the motion to dismiss. Therefore, the trial court did not err in dismissing the superior court action in the absence of an election by the appellants as to which action they intended to pursue. See *Dawson v. McCart*, supra. In making this ruling, we of course express no opinion whatsoever on the merits of the appellants' underlying claim.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 8, 1987.

*William G. Schwall*, for appellants.
*Norman S. Fletcher, Ronald R. Womack*, for appellee.