## 76314. LINER et al. v. NORTH.
### (373 SE2d 846)

BIRDSONG, Chief Judge.

This is an appeal of the order of the superior court granting appellee's motion for summary judgment. This action initially arose from a petition for citation of executor by appellants in the Probate Court of Walker County. On October 8, 1986, the probate court dismissed the petition on the basis of the statute of limitations. A de novo appeal was made to the superior court. See generally OCGA §§ 5-3-2; 5-3-29. Appellants subsequently filed an amended complaint in superior court. Appellees filed a motion to dismiss, which was granted in part and in effect narrowed the case to those issues which could have been prayed for in the probate court based on the original petition for citation. The appellees further filed a motion to dismiss based upon the statute of limitation ground relied upon by the probate court in its dismissal order. The superior court overruled this motion sub silentio and found that the statute of limitations had not run. Appellees subsequently filed a motion for summary judgment, which was granted by the superior court.

This court transferred this appeal to the Supreme Court; however, the Supreme Court declined appellate jurisdiction and returned the case to this court by order dated June 15, 1988. In returning this case, the Supreme Court characterized the present action primarily as "being one for money damages by the remaindermen of a testamentary trust against the executor of a will, based upon an alleged breach of duty by the executor in collecting and distributing estate assets. . . ." *Held*:

1. On summary judgment, movant has the burden of showing that " 'there is no genuine issue as to any material fact and that (he) is entitled to a judgment as a matter of law.' [Cit.] When, as in the instant case, the movant is the defendant, he has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint." *Corbitt v. Harris*, 182 Ga. App. 81, 83 (354 SE2d 637). Further, "the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." *Esco v. Jackson*, 185 Ga. App. 901, 902 (1) (366 SE2d 309). However, mere assertions of fact contained in the briefs of the parties do not, stand-

ing unsupported by evidence of record, constitute competent evidence for the resolution of a summary judgment issue. Id.

2. Appellants enumerate as error that the trial court erred in concluding that "there was no genuine issue of any material fact that appellee had not failed in his duty to inform appellants that their remainder interest had been taken by a third person."

The original petition for citation of executor placed appellee on notice that, inter alia, a claim was being made for the executor's averred breach of fiduciary duties to the estate and for treating the assets of the estate as his own, together with certain other averments not here relevant. Thus, in addition to the primary averments of claiming an alleged breach of duty by the executor in collecting and distributing estate assets, the petition also initiated a specific claim for breach of the fiduciary relationship between the executory and the remaindermen heirs based on the executor's allegedly failing properly to perform his fiduciary duties. This alleged breach of fiduciary duties included the failure to give the remaindermen heirs proper notice of known adverse claims to their trust interest, and included the assertion by the executor of a claim of title to the subject trust property allegedly adverse to that of the remaindermen.

An executor is a quasi court officer, *Dobbs v. First Nat. Bank of Atlanta*, 65 Ga. App. 796 (4) (16 SE2d 485). As such, an executor is cloaked with a presumption that he "will not by any act of omission or commission fail to perform or to exceed [his] authority in the discharge of any of [his] duties." Id. But, an executor is also vested with "the sacred duty of standing in the place of the deceased and administering his estate as directed." Id.; 12 EGL, Executors & Administrators, §§ 2, 7. Accordingly, it is generally recognized that an executor occupies "a fiduciary relation toward all parties having an interest in the estate." 33 CJS, Executors & Administrators, § 3b; see, e.g., OCGA §§ 10-6-4; 10-6-30; 53-6-50 (2). Thus, an executor "occupies a place of trust and confidence." 2 Redfearn, Wills & Administration in Ga., § 321. Further, the relationship between an executor and those he represents normally is deemed confidential and requiring the "utmost good faith." OCGA § 23-2-58; see *Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349); *Dorsey v. Green*, 202 Ga. 655, 659 (44 SE2d 377); see also OCGA § 23-2-59. We find nothing in the facts of the case sub judice that would warrant a departure from these general policies of law.

As a general rule, "[t]he authority of an executor . . . continues until the estate has been completely administered, or until he dies, resigns, or is removed, or his letters revoked, or a temporary order of suspension is made." 33 CJS, Executors & Administrators, § 78A. An executor may petition the court "to discharge him from his trust," but not until he "has faithfully discharged all his duties." OCGA §§

53-7-140; 53-7-143; *Fuller v. Fuller*, 107 Ga. App. 429 (2) (130 SE2d 520). Until he is properly discharged or otherwise relieved by law, an executor retains the authority of that appointment and the obligations of that fiduciary relationship with those he represents.

In this case, appellee failed to petition for discharge and thus retained the full panoply of powers and duties of an executor. In fact, the record reflects that as late as December 1985 and June 1986, appellee executed certain warranty deeds exercising power "as Executor of the Estate of Leroy Monds." Accordingly, appellee remained in a fiduciary relationship with the appellants " 'upon the footing of the utmost candor and upon considerations demonstrative of the absence of any undue advantage.' " See *Smith v. Smith*, 230 Ga. 616, 621 (198 SE2d 307).

As a fiduciary, appellee acquired a number of legal duties in relation to appellants. Among these duties were the duty to avoid potential conflicts of interest and the duty to give full and fair disclosure in a timely manner of all known things adversely affecting the appellant beneficiaries' rights in the subject matter of the dealings. See *Powell v. Thorsen*, 253 Ga. 572, 574 (3) (322 SE2d 261); *Ringer v. Lockhart*, supra at 84; see also *Spratlin, Harrington & Thomas v. Hawn*, 116 Ga. App. 175 (2) (156 SE2d 402); 3 AmJur2d, Agency, § 272.

We are satisfied in light of the posture of record that a genuine issue of material fact exists regarding whether appellee North breached his fiduciary duties to the appellants, particularly by failing to notify them timely regarding any known adverse claims of ownership to that portion of the undivided one-half partnership interest which also was the subject of their interest as beneficiary remaindermen.

3. Appellants also enumerate as error the trial court's ruling that there was no genuine issue of any material fact either "that appellee had not failed to collect the assets of the estate" or "that appellee had not failed to distribute the assets of the estate to the proper person."

The trial court found that all the estate property had been duly transferred to the named beneficiary under the will and accepted by her, and that the beneficiary, Fannie Rhea Monds, as a named trustee of the subject trust, accepted the 74.7 percent interest in the undivided one-half interest in the G & M Furniture Company. Based on the posture of the record, we agree with the findings of the trial judge. These two enumerations are without merit.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 4, 1988.

*William G. Schwall*, for appellants.

*Norman S. Fletcher, Ronald R. Womack,* for appellee.