### A89A1795. LINER et al. v. NORTH.
(390 SE2d 263)

BIRDSONG, Judge.

This is an appeal of the order granting summary judgment to appellee/defendant on the grounds of res judicata in the above-styled case, Civil Action No. 87CV34,110 (4110).

In 1986, appellant/plaintiffs filed simultaneous actions in probate court and superior court. Appellant elected to style the superior court action, no. 86CV32,305 (2305) George Cleotus Liner et al., plaintiffs, v. Richard B. North, individually, and as executor of the estates of Fannie R. Monds and Leroy Monds. The complaint in no. 2305 was captioned Action for Monetary Damages, Declaratory Judgment, and to Clear Cloud On Title and Fraud. The causes of actions were all grounded on a certain factual scenario concerning North's collection and distribution of estate assets. The complaint included, inter alia, prayer for relief for an accounting of monies received and allegedly wrongfully spent, and for compensatory and punitive damages.

Appellant elected to style the probate court action, no. 2522, as George Cleotus Liner et al., petitioners, v. Richard B. North, as executor of the estate of Leroy Monds. In the petition, appellant sought certain relief including a full, final and correct return, settlement and accounting of North's administration of the Leroy Monds estate, surcharge and accounting for any and all improper expenditures and unaccounted for proceeds from the sale of estate assets and punitive damages. The petition expressly included averments of neglect or other failure to file settlement reports, treating by North of the estate assets as his own, commingling by North of estate assets with his own funds, waste of estate assets, breach of fiduciary duties as executor to the estate, unauthorized expenditures, intentional hiding of estate assets, failure to open the trust as required by the terms of the will, and the sale of estate assets without adequate compensation to himself and his family.

In October 1986, the probate action came for hearing and appel-

lant was apprised of the provisions of OCGA § 9-2-5 prohibiting a plaintiff from prosecuting two actions in the courts at the same time for the same cause of action and against the same parties. The probate court entered an order in favor of appellee, and thereafter dismissed the action on the statute of limitations grounds. Appellants appealed to the superior court; the appeal was designated as no. 86CV32,482 (2482).

After appellants appealed the probate court's order, appellee North moved to dismiss superior court action, no. 2305, pursuant to OCGA § 9-2-5. The motion was granted and appeal was taken to this court. In *Liner v. North*, 184 Ga. App. 74 (2) (360 SE2d 637), this court affirmed the trial court's judgment and rejected appellants' claim that both the defendant and the relief sought in the two cases were *different*. In doing so, we expressly concluded "[b]oth suits clearly involved the *same* defendant and the *same* transactions, and both sought substantially the same relief. . . . [T]he trial court did not err in dismissing the superior court action in the absence of an election by the appellants as to which action they intended to pursue." (Emphasis supplied.) Id. at 75. Our ruling was not appealed.

At this point, only the appeal from the probate court, no. 2482, remained pending in superior court. Appellee filed a motion for summary judgment as to this action, which was granted by the trial court. Appellant appealed the grant of summary judgment to this court. In *Liner v. North*, 188 Ga. App. 677 (373 SE2d 846), this court reversed the findings of the trial court in part and affirmed them in part and reversed the judgment. In so doing, we held "in addition to the primary averments of claiming an alleged breach of duty by the executor in collecting and distributing estate assets, the *petition* also initiated a specific claim for breach of the fiduciary relationship between the executory [sic] and the remaindermen heirs based on the executor's allegedly failing properly to perform his fiduciary duties. This alleged breach of fiduciary duties included the failure to give the remaindermen heirs proper notice of known adverse claims to their trust interest, and included the assertion by the executor of a *claim of title* to the subject trust property allegedly adverse to that of the remaindermen." (Emphasis supplied.) Id. at 678. We further held regarding the averred breach of fiduciary relationship that "[a]s a fiduciary, appellee acquired a number of legal duties in relation to appellants. Among these duties were the duty *to avoid potential conflicts of interest* and the duty to give full and fair disclosure . . . of all known things adversely affecting the appellant beneficiaries' rights in the *subject matter of the dealings*." (Emphasis supplied.) Id. at 679. We further expressly affirmed the trial court's finding that "all the estate property had been duly transferred to the named beneficiary under the will and accepted by her, and that the beneficiary, Fannie Rhea Monds, as

a named trustee of the subject trust, accepted the 74.7 percent interest in the undivided one-half interest in the G & M Furniture Company." Our decision was not appealed.

Thereafter, case no. 2482 was tried before a jury. Before trial, appellants amended their complaint and a pretrial order was entered by the court. In the amended complaint appellants attempted to add two new parties, but appellants' prayer to add these parties was denied. The amended complaint was captioned, Amended and Restated Action for Monetary Damages, Declaratory Judgment, To Clear Cloud on Title, Fraud and Petition for Citation of Executor." Subsequently, the trial court dismissed that portion of the amended complaint seeking relief against appellee North in his capacity as executor of the estate of Fannie Rhea Monds and appellant's prayer for punitive damages. The pretrial order filed in case no. 2482 reflects that two of the issues asserted by appellant/plaintiff were: "Did [appellee/d]efendant do or fail to do anything that was the proximate cause of waste, mismanagement or destruction of the trust corpus," and "What amount of damages, if any, to the corpus of the trust estate was the direct result of the [d]efendant's actions or inactions." In November 1988, case no 2482 was tried by jury, and verdict was returned in favor of appellee. Judgment subsequently was entered in favor of appellee and no appeal was taken therefrom.

In December 1987, appellants filed this case, no. 4110, against appellee. Appellee filed an answer and his second asserted defense was the doctrine of res judicata. In the pretrial order appellee asserted and contended inter alia that he "anticipates filing . . . a [m]otion for [s]ummary [j]udgment," and "that none of the [p]laintiffs [has] any right of action against him and that [p]laintiffs are not entitled to recover any sum from him." The pretrial order also reflects that the following appellant/plaintiff issues remained for jury resolution: "When did . . . North begin acting as [t]rustee"; "Has . . . North wrongfully distributed any [t]rust [a]ssets"; "Has the [t]rust [c]orpus been mismanaged or wasted"; "Did . . . North convert all or any part of the trust to himself"; and "What is the amount of any damage." After judgment in case no. 2482 became final appellee filed a motion for summary judgment in case no. 4110. The trial court granted the motion and this appeal followed. *Held*:

1. Appellants assert that the trial court erred in granting appellee's motion for summary judgment on grounds of res judicata.

OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the *same* parties and their privies as to all matters put in issue or which under the rules of law *might* have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

"The decisions of the Court of Appeals insofar as not in conflict

with those of the Supreme Court shall bind all courts except the Supreme Court as precedents." Ga. Const. of 1983, Art. VI, Sec. V, Par. III; see OCGA § 9-11-60 (h). *Liner,* 184 Ga. App., supra, and *Liner,* 188 Ga. App., supra, constitute binding precedent in this case.

Moreover, superior court case no. 2305 was involuntarily dismissed following appellee's motion to dismiss pursuant to OCGA § 9-2-5. OCGA § 9-11-41 (b), as amended, pertinently provides that "[t]he effect of dismissals shall be as follows: (1) A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits; and (2) Any other dismissal under this subsection and any dismissal not provided for in this Code section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, *does operate as an adjudication upon the merits* unless the court in its order for dismissal specifies otherwise." (Emphasis supplied.)

The order granting appellee's motion to dismiss in superior court case no. 2305 did not exempt the dismissal from operating as such an adjudication. Moreover, the judgment of the trial court in dismissing the superior court action was, as above discussed, affirmed in *Liner,* 184 Ga. App., supra, and is now conclusive. OCGA § 9-12-40. As to those matters to which a dismissal constitutes an adjudication on the merits, the defense of res judicata will lie and summary judgment may be had thereon. Compare *Brantley v. Sparks,* 167 Ga. App. 323, 324 (306 SE2d 337). In *Brantley,* supra at 324, this court observed "[t]here was no appeal from the order dismissing appellants' original complaint and . . . that order was an adjudication on the merits. The trial court did not err in granting appellee's motion for summary judgment based upon the defense of res judicata." Although appellant appealed the order granting the motion to dismiss to this court, our opinion affirming the trial court's judgment was not further appealed.

"[A] litigant who pleads res judicata must show, at a minimum, that the prior suit[s] involved the *same claim,* was contested by the same parties, and was decided by a court of competent jurisdiction." (Emphasis supplied.) *Boozer v. Higdon,* 252 Ga. 276, 277-278 (1) (313 SE2d 100). Thus, "[w]here a judgment has been rendered on the merits, the doctrine of *res judicata* may not be avoided merely by requesting different relief in a subsequent suit." *Caswell v. Caswell,* 162 Ga. App. 72, 73 (290 SE2d 171); compare *McCracken v. City of College Park,* 259 Ga. 490 (2) (384 SE2d 648).

Examining the record before us in its entirety and applying the appropriate law to the operative facts, we are satisfied that the defense of res judicata applied to all matters raised in issue in the case sub judice, OCGA § 9-12-40, and that the trial court did not err in granting appellee's motion for summary judgment based on res judicata.

2. Appellants assert that the trial court erred in granting appellee's motion for summary judgment because they had not raised res judicata as a defense in the pretrial order.

Appellants have presented no matter in this enumeration of error for our review on appeal, "[s]ince this ground was never made an issue before the trial court, no question is presented for appellate review." *Dairyland Ins. Co. v. McIntosh,* 171 Ga. App. 782, 783 (321 SE2d 110).

Assuming arguendo, however, that a viable issue remained for appeal, we are satisfied that appellee did adequately preserve the res judicata defense. "[R]es judicata, an affirmative defense, may be properly raised by motion where 'the facts are admitted or are not controverted or are completely disclosed on the face of the pleadings and nothing further can be developed by a trial of the issue. . . .'" *Flanders v. Ga. Farm Bureau &c. Ins. Co.,* 171 Ga. App. 188-189 (318 SE2d 794); *Ezzard v. Morgan,* 118 Ga. App. 50, 51 (1) (162 SE2d 793).

Reviewing the pleadings in their entirety, we are satisfied the pleadings completely disclosed on their face the appellant's assertion of the res judicata defense within the meaning of *Flanders,* supra and *Ezzard,* supra.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1990.

*William G. Schwall,* for appellants.
*Fletcher & Womack, Ronald R. Womack,* for appellee.