S06A0762. HAMMACK v. HAMMACK.

(635 SE2d 752)

THOMPSON, Justice.

Following the entry of a final judgment and decree of divorce, appellant Marianne Hammack ("wife") filed a motion to set aside, which was denied by the trial court. We granted wife's application for discretionary appeal from that order, and affirm the judgment of the trial court.

Dale S. Hammack ("husband") filed a complaint for divorce on January 14, 2005. Wife executed an acknowledgment of service on March 17, 2005, but did not return it to husband's attorney until late April; husband's attorney filed it with the clerk of court on April 29, 2005.[1] On June 13, 2005, wife served husband with an answer and counterclaim. Thereafter, husband notified wife that a final judgment and decree of divorce had been entered on June 6, 2005, following a final hearing at an uncontested domestic relations calendar. Wife moved to set aside the final judgment on the basis that it was entered prematurely under Uniform Superior Court Rule 24.6.[2] The trial court concluded that the final judgment was authorized under USCR 24.6 (B) because it was entered more than 46 days after service of the complaint. On that basis, the court denied wife's motion to set aside.

The Uniform Superior Court Rules are to be read in conjunction with substantive law, and in case of conflict must yield to substantive

---

[1] Pursuant to that document, wife acknowledged receipt of the summons and complaint for divorce and plaintiff's discovery requests, willingly subjected herself to the personal jurisdiction of the Superior Court of Forsyth County, and waived any other form of legal service.

[2] Uniform Superior Court Rule 24.6 provides, in pertinent part:

Uncontested divorce actions may be heard at times agreeable to counsel and the court, subject to the following rules:

(A) By written consent of both parties to a hearing a divorce may be granted any time 31 days after service or filing acknowledgment of service.

(B) In an unanswered action, a divorce may be granted any time 46 days after service, unless the time for response has been extended by court order.

law. *Russell v. Russell*, 257 Ga. 177 (356 SE2d 884) (1987); USCR 1. Thus, we look to our statutory law to determine whether the judgment in this case was entered prematurely.

The rules of pleading and practice under the Georgia Civil Practice Act, OCGA § 9-11-1 et seq., apply to actions for divorce, alimony, and child custody, except that no judgment by default will be taken in such cases. OCGA § 19-5-8; *Black v. Black*, 245 Ga. 281, 282 (1) (264 SE2d 216) (1980).

> While there is no judgment by default in a divorce case, this rule means no more than that in any divorce case where no defensive pleadings are filed it is incumbent upon the trial court to hear evidence in support of the plaintiff's grounds of divorce and make an affirmative finding therefrom that the grounds are legal and are sustained by proof.

*Harris v. Harris*, 228 Ga. 562 (2) (187 SE2d 139) (1972).

OCGA § 9-11-40 (a) provides: "All civil cases, including divorce and other domestic relations cases, shall be triable any time after the last day upon which defensive pleadings were required to be filed." OCGA § 9-11-12 (a) generally mandates that an answer be filed "within 30 days after the service of the summons and complaint upon [the defendant]." Reading those provisions of the Civil Practice Act in pari materia, and applying them to the case now before the Court, we hold that the trial court was authorized to grant a divorce on June 6, 2005, which was well after 30 days from the time an answer would have been due. Although the trial court appears to have based its result on interpretation of the Uniform Superior Court Rules, rather than on statutory law, this Court will affirm a judgment, so long as it is right for any reason. *Schwartz v. Schwartz*, 275 Ga. 107, 109 (1), fn. 5 (561 SE2d 96) (2002). Accordingly, wife's motion to set aside was properly denied.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006 —
RECONSIDERATION DENIED OCTOBER 31, 2006.

*Jean M. Kutner*, for appellant.
*Cummings, Kelley & Bishop, Thomas S. Bishop*, for appellee.