### A07A0663. KIRKLAND v. TAMPLIN et al.
(642 SE2d 125)

BLACKBURN, Presiding Judge.

Dwain Kirkland (pro se) appeals from the dismissal of his suit against Christopher Tamplin and Kelly Tamplin, contending (1) that the Tamplins' motion to dismiss was untimely, (2) that the trial court erred in ruling that Kirkland's present case was commenced after a similar suit against the Tamplins he filed in a different county, which ruling required the dismissal of the present action, and (3) that the trial court erred in denying two motions to recuse. We disagree and affirm.

The undisputed record shows that at 12:53 p.m. on November 11, 2005, Kirkland filed a complaint in Madison County against Christopher and Kelly Tamplin "and Others," alleging that they committed various wrongful acts including fraud and breach of contract. At 2:07 p.m. on the same day, Kirkland then filed a complaint in the instant case in Franklin County, making the same allegations against the same defendants.[1] The Tamplins answered, contending inter alia that the Franklin County case was barred by prior pending litigation. The Tamplins subsequently moved to dismiss the Franklin County case, which motion was granted without prejudice.

The dismissal order was later vacated by the trial court because Kirkland had, one day prior to the order, filed a motion to recuse the trial court judge, Judge Tise. Following a hearing, a different judge in the same county, Judge Bailey, denied Kirkland's motion to recuse Judge Tise, and thereafter Judge Tise reinstated his prior order dismissing Kirkland's case without prejudice. Kirkland now appeals.

1. Kirkland contends that the trial court erred in granting the Tamplins' motion to dismiss, in that the motion was untimely under OCGA § 9-11-12 (b) (6). We disagree.

Kirkland argues that the Tamplins' motion should be treated as filed under OCGA § 9-11-12 (b) (6), i.e., as a motion to dismiss for failure to state a claim upon which relief can be granted. As such, Kirkland argues that the Tamplins' motion was untimely under his reading of the statute.

---

[1] Kirkland's brief explains that he believed his defendants resided in different counties and was concerned with potential venue problems.

Without addressing Kirkland's interpretation of the required timing for an OCGA § 9-11-12 (b) (6) motion, we hold that the Tamplins' motion was not based on OCGA § 9-11-12 (b) (6), but rather was based on the prior pending litigation doctrine codified in OCGA § 9-2-5 (a). Accordingly, any alleged time strictures set forth in OCGA § 9-11-12 (b) do not apply. As the pre-trial motion here was timely under OCGA § 9-2-5 (a), we conclude that Kirkland's first enumeration is meritless.

2. (a) Kirkland next contends that the trial court misapplied the prior pending doctrine, arguing that the Madison County complaint was filed simultaneously with the Franklin County complaint, which would allow him to choose which action to prosecute. We disagree.

Under OCGA § 9-2-5 (a),

> [n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are *commenced simultaneously,* the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

(Emphasis supplied.) "A civil action is commenced by filing a complaint with the court." OCGA § 9-11-3 (a).

Here, the undisputed record shows that Kirkland filed the Franklin County complaint (at issue here) 74 minutes *after* he filed the Madison County complaint. Construing the words "commenced simultaneously" according to their plain meaning, *Columbus, Ga., Consolidated Govt. v. Schmidt,*[2] we fail to see how a 74-minute delay can be considered "simultaneous," according to the ordinary meaning of that word. Accord *Randolph v. State*[3] ("a cardinal rule of statutory construction is 'the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter' ").

Nor has Kirkland pointed us to any case law to the contrary. Instead, he relies on *Clark v. Weaver,*[4] in which the appellant contended and the Court "assume[d]" for purposes of the appeal that two cases filed on the same day were filed " 'simultaneously at the same moment.' " Here, Kirkland does not assert, nor does the record show, that the two cases were filed "at the same moment." Indeed, the

[2] *Columbus, Ga., Consolidated Govt. v. Schmidt,* 269 Ga. 723, 723-724 (507 SE2d 435) (1998).

[3] *Randolph v. State,* 269 Ga. 147, 150 (2) (496 SE2d 258) (1998).

[4] *Clark v. Weaver,* 159 Ga. App. 594 (284 SE2d 95) (1981).

Court's use in *Clark v. Weaver* of the phrase "at the same moment" supports our interpretation here and is not consistent with the construction advanced by Kirkland, which would deem a 74-minute time lag to be simultaneous, i.e., "at the same moment."

This is consistent with the purpose of OCGA § 9-2-5, which is simply to provide

> the mechanism by which the one viable action is to be determined. *If the actions are commenced at different times, the plaintiff has no election*, must proceed with the initially filed action, and such former suit shall be a good defense to the latter. If, however, the suits are filed simultaneously none of the actions is either "former" or "latter."

(Punctuation omitted; emphasis supplied.) *Clark v. Weaver*, supra, 159 Ga. App. at 595. Accord *Terrell v. Griffith*[5] ("[i]n construing this section the appellate courts have uniformly held that one may not elect to dismiss his first suit where two suits based on the same cause of action were filed at separate times"). Here, as we are able to discern which action was filed first, we do not consider them to be "commenced simultaneously."[6]

Kirkland also relies on *Liner v. North*,[7] in which the Court treated two cases filed on the "same date" as simultaneously filed. However, the issue in that case arose from the plaintiff's attempt to prosecute both cases; the timing of the filing was not at issue or discussed in detail. The *Liner* decision does not analyze the issue of simultaneity and does not further describe the relative filing times of the two cases at issue, and of course two actions filed simultaneously would be filed on the same date. As such, that case is not dispositive here, because *Liner*'s reference to the "same date," without more, does not address the time of filing of the two cases where, as here, simultaneity is challenged. Therefore, we do not depart from the plain meaning and purpose of OCGA § 9-2-5 (a), and we conclude that the trial court properly applied OCGA § 9-2-5 (a).

---

[5] *Terrell v. Griffith*, 129 Ga. App. 675, 677 (200 SE2d 485) (1973).

[6] We note that we do not interpret this statute to require an impossibility, cf. *Pope v. U. S. Fidelity &c. Co.*, 198 Ga. 304, 307 (31 SE2d 602) (1944) ("[a] statute is never to be understood as requiring an impossibility, if such a result can be avoided by any fair and reasonable construction") (punctuation omitted). First, we note that simultaneous filing is not a right afforded to plaintiffs; rather, it is a rare situation addressed by OCGA § 9-2-5. See *Clark v. Weaver*, supra, 159 Ga. App. at 595. As no plaintiff has a right to prosecute multiple identical actions against the same defendants at the same time, the law requires plaintiffs to choose when and where to proceed. Second, nothing prohibits any plaintiff, pro se or otherwise, from coordinating with an agent to have pleadings filed on a certain day at a certain time at a certain place.

[7] *Liner v. North*, 184 Ga. App. 74 (360 SE2d 637) (1987).

(b) Kirkland alternatively contends that, if the actions are not deemed to be filed simultaneously, the trial court erred in ruling that the Madison County action was filed first. We disagree.

Although the Madison County action was filed 74 minutes before the Franklin County action, Kirkland argues that because he achieved service on the defendants first in Franklin County, the Franklin County case was actually the prior pending action. However, OCGA § 9-2-5 (a) states that "[i]f two such actions are *commenced* at different times, the pendency of the *former* shall be a good defense to the latter." (Emphasis supplied.) It is true that an action "is not a 'pending suit' between the parties until after service of process." (Punctuation omitted.) *Hilton v. Maddox &c. Contractors*.[8] However, "[f]iling followed by service creates a pending suit from the date of filing." Id. at 425. See *Taylor v. Kohlmeyer & Co.*[9] (although "service or waiver is essential, . . . when made it relates back to the date of filing, which establishes the date the action is commenced").[10] Thus, once the suit is served, it is the commencement that is key, and, as stated in OCGA § 9-11-3 (a), a "civil action is commenced by filing a complaint with the court." Accordingly, as between two actions filed and served, the prior action, for purposes of OCGA § 9-2-5 (a), is the one first filed. Therefore, this enumeration is without merit.

3. Kirkland finally contends that the trial court erred in denying two motions to recuse. We disagree.

"This Court employs an abuse of discretion standard in reviewing rulings made upon motions to recuse." (Punctuation omitted.) *In the Interest of J. E. T.*[11]

> In order to disqualify [a] judge, the alleged bias must stem from an extra-judicial source and result in an opinion based on something other than what the judge learned from participating in the case. The trial judge has the duty to determine whether, assuming the truth of the facts alleged, a reasonable person might conclude that the judge harbors bias, stemming from an extrajudicial source, which is of a nature and intensity as would interfere with the exercise of impartial judgment.

(Citation, punctuation and footnote omitted.) Id. at 571 (2).

---

[8] *Hilton v. Maddox &c. Contractors*, 125 Ga. App. 423, 426 (188 SE2d 167) (1972).

[9] *Taylor v. Kohlmeyer & Co.*, 123 Ga. App. 493, 494 (1) (181 SE2d 496) (1971).

[10] We note that, although *Hilton* and *Taylor* speak in terms of the "date" of filing, they do not address an alleged simultaneous filing. Therefore, we do not rely on them for the purpose of deciding that issue in Division 2.

[11] *In the Interest of J. E. T.*, 269 Ga. App. 567, 570 (2) (604 SE2d 623) (2004).

(a) *Ruling on recusal of Judge Tise.* In support of his motion to recuse Judge Tise, Kirkland filed an affidavit summarizing his perception that during oral argument Judge Tise used a tone of "disdain and contempt," Judge Tise "expressed in his behavior that he basically was not listening to the argument and that I could have stopped it right at that moment," and that Judge Tise's "tone and demeanor" suggested he disapproved of the merits of Kirkland's case.

Kirkland argues that it was error to deny his motion to recuse without rebuttal evidence submitted by the Tamplins, who did not submit evidence on that question. So arguing, he incorrectly relies on OCGA §§ 9-11-56 (summary judgment) and 9-10-111 (verified pleadings). Without addressing his interpretation of those statutes, which do not apply here, we note that the trial court has discretion to rule on the question of whether the movant has overcome his burden to show bias regardless of any evidence presented by the nonmovant. See Uniform Superior Court Rule (USCR) 25.3 ("[t]he allegations of the motion shall stand denied automatically").

Moreover, upon reviewing the record and transcript, we find no verbal expression of prejudice or bias, nor any improper conduct or relationship to the case, on the part of Judge Tise. Cf. *In re Burgar*[12] ("one cannot be both the prosecuting witness and the judge in our judicial system"). Kirkland's allegations stem from his perceptions of Judge Tise's alleged tone and demeanor, and in the absence of evidence showing a bias from an extrajudicial source, we discern no clear error in Judge Bailey's denial of the recusal motion. See *Central of Ga. R. Co. v. Lightsey.*[13]

(b) *Ruling on recusal of Judge Bailey.* After receiving notice that Judge Bailey denied his motion to recuse Judge Tise, Kirkland filed a motion to recuse Judge Bailey, which motion was denied as being untimely. Kirkland's motion was arguably timely, as he asserted in his affidavit that he did not become aware of the adverse ruling until one day before filing his motion to recuse Judge Bailey, but we need not reach that question. In his supporting affidavit, in addition to several irrelevant allegations about other judges he has encountered in Georgia, Kirkland makes two main allegations about Judge Bailey: (1) that at the recusal hearing, Judge Bailey "appeared to be very interested in the case but was perhaps a bit too friendly," and (2) at a subsequent hearing unrelated to the recusal hearing and after Judge Bailey's ruling on Kirkland's first recusal motion, Judge Bailey did not ask any questions and ruled the same day. First, Judge Bailey's demeanor at a second unrelated hearing occurring after his ruling in

---

[12] *In re Burgar*, 264 Ga. App. 92, 94 (589 SE2d 679) (2003) (physical precedent only).
[13] *Central of Ga. R. Co. v. Lightsey*, 198 Ga. App. 59, 60 (1) (400 SE2d 652) (1990).

the recusal hearing is not relevant to Judge Bailey's impartiality in the recusal hearing. Second, we fail to see how appearing "very interested" and "friendly" at the recusal hearing in this case evidences "bias, stemming from an extrajudicial source, which is of a nature and intensity as would interfere with the exercise of impartial judgment." (Punctuation omitted.) *In the Interest of J. E. T.*, supra, 269 Ga. App. at 571 (2). See USCR 25.2 ("[a]llegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings"). Therefore, as this "Court will affirm a judgment, so long as it is right for any reason," *Hammack v. Hammack*,[14] we affirm the denial of Kirkland's motion to recuse Judge Bailey.

Kirkland's remaining enumerations are moot.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 1, 2007 —
RECONSIDERATION DENIED FEBRUARY 16, 2007 — ■

Dwain L. Kirkland, *pro se.*

*Blasingame, Burch, Garrard & Ashley, Thomas H. Rogers, Jr., Thomas F. Hollingsworth III*, for appellees.

---

[14] *Hammack v. Hammack*, 281 Ga. 202, 203 (635 SE2d 752) (2006).