## BRUCKER, by next friend, *v.* O'CONNOR.

1. Where a person, duly served, fails to answer a suit against him and a judgment of default has been properly rendered against him, it is an abuse of discretion for the trial judge at the next term to open the default on the ground that the defendant, having ascertained that the action was for negligence in caring for certain real estate in which he had no interest, thought that the plaintiff on finding this out would not demand damages from the defendant.
2. "A pauper affidavit filed for the purpose of relieving the plaintiff in error and his counsel from the payment of the costs accruing in this court must be entitled in the cause referred to in the bill of exceptions, or otherwise show upon its face that it is connected therewith."

Submitted March 1, — Decided April 1, 1902.

Action for damages. Before Judge Eve. City court of Richmond county. May 31, 1901.

*J. C. C. Black* and *C. E. Dunbar*, for plaintiff.
*M. P. Carroll*, for defendant.

SIMMONS, C. J. Lillian Marie Brucker, by her next friend, brought an action for damages against O'Connor. In her petition she alleged that a certain house belonging to the defendant had been left open by him so that children could enter therein and play; that plaintiff, with other children, entered the house and, in an attempt to raise a window, had her hand injured. Other allegations were made as to damages, etc. This petition was filed and duly served upon the defendant. At the appearance term he failed and neglected to make answer, and at the call of the case at that term a judgment of default was entered against him. At the next term he moved to open the default, under the Civil Code, § 5072. His motion was predicated upon the following facts: Defendant ascertained, upon reading the petition, that it was a suit against him for personal injuries to plaintiff by reason of alleged negligence upon defendant's part in not properly caring for certain real estate, which was not owned by defendant and in which he had no interest. Defendant, being unfamiliar with legal process, supposed plaintiff had made a mistake and, upon learning the facts, would not demand damages from him, as he was in no wise responsible for her injuries. He had a meritorious defense, etc. A rule nisi was issued, requiring the plaintiff to show cause why the default should not be opened. Upon hearing the motion and the answer thereto, the

judge opened the default and allowed the defendant to plead. On the trial a nonsuit was awarded. Plaintiff, in her bill of exceptions, excepted to the judgment opening the default and to the granting of the nonsuit.

1. The Civil Code, § 5072, declares that "At the trial term the judge in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." While this section gives to a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. "Excusable neglect" does not mean gross negligence. It does not mean a willful disregard of the process of the court, but refers to cases where there is a *reasonable excuse* for failing to answer. Such an excuse might be shown by one who negligently waited until the time had nearly expired for answering, and was then unavoidably prevented from filing his defense. The excuse set up in the present case does not, in our opinion, show that the defendant's neglect was excusable, or make a proper case for the default to be opened. The defendant was served in due time. On reading the writ, he came to the conclusion that the plaintiff had sued the wrong person and would find this out and dismiss the action. He therefore paid no attention to the process of the court. His neglect appears to us to have been inexcusable and gross. If such an excuse as this should be adjudged a sufficient one to authorize the opening of a default, there would be few cases in which default judgments could not be set aside. The judgment of a court is a solemn thing and should not be lightly set aside. It should never be set aside for frivolous reasons. The code gives a judge no authority to open a default, after the term has passed, for reasons which fall short of a reasonable excuse for the negligent failure to answer.

2. The second headnote above is copied from *Franklin* v. *Kriegshaber*, 114 *Ga.* 947. Counsel for the plaintiff in error recognized

this as the law, but contended that the affidavit in the present case showed on its face that it related to the cause, and that it therefore did not come within the ruling.    We have closely examined the affidavit, and find that, while it gives the name of a person as plaintiff in error in a bill of exceptions, it does not give the name of the defendant in error therein or show in what court the case was pending.    No court whatever is referred to.    We must therefore hold that there is not enough in the affidavit to take it out of the ruling made in the case just cited.

*Judgment reversed.    All the Justices concurring, except Little and Lewis, JJ., absent,*