## 44040. JORDAN v. CLARK.

JORDAN, Presiding Judge. This is a negligence action to recover for medical expenses and loss of services of a minor daughter who was struck by the defendant's automobile. The defendant being in default more than 15 days, moved to open the default, and in support of the motion attached an affidavit in which he stated that he had confused the service of the petition with service of pleadings in a companion case having a similar caption, and that on account of the prayer "that service of process issue requiring the said defendant to be and appear at the next term of this court" he believed that it required him to appear at the next term of court for the retrial of the companion case, and did contact his attorney a few days before the next term, when he was advised of his error and misunderstanding. Although he amended his motion, and filed another supporting affidavit, no additional reason is offered for the default. Later, in testifying, he gave no other reason for the default.

In contrast to the prayer the summons requires the defendant to file and serve on plaintiff's attorney "an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint." The return shows that a deputy sheriff personally served the defendant with a copy of the complaint and process.

The court refused to open the default and the case proceeded to final judgment. In his appeal the defendant asserts error on the refusal to open the default and in charging the jury on lost services of the child as an element of damages. *Held:*

1. Where a case is in default after the expiration of 15 days and at any time before final judgment the court in its discretion

upon payment of costs may allow the default to be opened (1) for providential cause preventing the filing of a plea, (2) excusable neglect, or (3) where, from all the facts, he shall determine that a proper case has been made to open the default, on terms which he shall fix. Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238 (*Code Ann.* § 81A-155). These provisions of the Civil Practice Act did not change existing law. See former *Code Ann.* §§ 110-401 and 110-404.

Even a casual reading of the petition in the present case discloses that it is a separate action even though the caption may be similar to a companion case, and the summons directs the defendant in unmistakable terms to file an answer within 30 days, on penalty of judgment by default if he fails to do so. There is nothing in the record before this court to disclose any sound basis for any legal excuse in failing to comply with the mandate of the summons. Under repeated decisions of the appellate courts the facts as here disclosed afford no basis for this court to reverse the action of the lower court in refusing to open the default, no manifest abuse of discretion being shown. In *Brucker v. O'Connor*, 115 Ga. 95, 96 (41 SE 245) the Supreme Court made it clear that if a party, on reading a writ, reaches the wrong conclusion and therefore pays no attention to the process and fails to answer, his neglect is inexcusable and gross, and that the trial court has no authority to open a default for reasons which fall short of a reasonable excuse for the negligent failure to answer. Also, see *Johnson v. Dockery*, 222 Ga. 569 (150 SE2d 921); *Snow v. Conley*, 113 Ga. App. 486 (148 SE2d 484); *Montgomery v. Dixon*, 117 Ga. App. 736 (161 SE2d 899).

2. The second enumeration asserts error in charging the jury on lost services, but the enumeration is argued solely with respect to charging the jury on future lost services, and the objection as made in the lower court before verdict is limited to this issue. The claim in this respect, as alleged in the complaint, is for the loss of services, without any distinction between the loss of past, present, or future services. The evidence, although meager, is sufficient to show a continuing loss of future services of the plaintiff's minor daughter by reason of her physical condition as a result of being struck by the plaintiff's automobile, and that she had previously provided services of a domestic nature, helping clean the house, keeping the yards, and washing dishes, as well as doing field work

on the plaintiff's farm, such as chopping and picking cotton. The courts have long recognized that the value of domestic services by a member of a family is incapable of exact proof, and that jurors may determine the value from the fact of relationship, family circumstances, living conditions, and their own observations and experience. See *Ga. R. & Power Co. v. Shaw,* 25 Ga. App. 146 (3) (102 SE 904); *Blue's Truck Line, Inc. v. Harwell,* 57 Ga. App. 136, 139 (7) (194 SE 399); reversed for other reasons, 187 Ga. 78 (199 SE 739). It was proper under the pleading and evidence to instruct the jury on future loss of services during minority as an element of damage.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED NOVEMBER 6, 1968—DECIDED JANUARY 7, 1969.

*John Ray Nicholson,* for appellant.