25469. SANDERS v. AMERICAN LIBERTY INSURANCE COMPANY.

NICHOLS, Justice. Certiorari was granted in the present case to review a holding of the Court of Appeals that the trial court erred in refusing to exercise a discretion in ruling upon the motion of American Liberty Insurance Company to open a default and permit the filing of defensive pleadings.

The motion to open default alleges that two complaints were filed against the movant: one by Z. B. Sanders bearing "Civil Action No. 3496" and the other by Maggie Sanders bearing "Civil Action No. 3497." It was further alleged that both complaints were served by the Deputy Sheriff of Atkinson County upon 5/8 Smith, an insurance broker, through whom a policy of insurance had been issued to Z. B. Sanders, that said 5/8 Smith was under the misapprehension that there was only one suit and that one complaint was for his office use and that accordingly he only forwarded to the movant the complaint in Civil Action No. 3496, that upon receipt of said complaint movant referred the same to its attorney who filed defensive pleadings in that action, that on January 23, 1969, movant learned for the first time of Civil Action No. 3497, and that more than 45 days had expired and the same was in default, and that said case is in default through no fault of the movant's but solely through the fault of the aforesaid 5/8 Smith who failed to forward notice of said complaint to movant. *Held:*

Pretermitting the question of whether or not the movant alleged in such motion a meritorious defense to said complaint, yet under *Code Ann.* § 81A-155 (b) the facts alleged to authorize the opening of the default for providential cause, excusable neglect or to show otherwise a proper case to have the default opened presented nothing which would authorize the trial court to exercise a discretion in the premises. In *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245), referring to then *Code* § 5072 (later *Code* § 110-404 and now *Code Ann.* § 81A-155 (b)), it was held: "While this section gives to

a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. 'Excusable neglect' does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a *reasonable excuse* for failing to answer. Such an excuse might be shown by one who negligently waited until the time had nearly expired for answering, and was then unavoidably prevented from filing his defense. The excuse set up in the present case does not, in our opinion, show that the defendant's neglect was excusable, or made a proper case for the default to be opened. The defendant was served in due time. On reading the writ, he came to the conclusion that the plaintiff had sued the wrong person and would find this out and dismiss the action. He therefore paid no attention to the process of the court. His neglect appears to us to have been inexcusable and gross. If such an excuse as this should be adjudged a sufficient one to authorize the opening of a default, there would be few cases in which default judgments could not be set aside. The judgment of a court is a solemn thing and should not be lightly set aside. It should never be set aside for frivolous reasons. The Code gives a judge no authority to open a default, after the term has passed, for reasons which fall short of a reasonable excuse for the negligent failure to answer."

The facts alleged in the movant's motion to open the default fall short of making a case where the trial court would have a discretion. Compare *Jordan v. Clark*, 119 Ga. App. 18 (165 SE2d 922), and citations.

*Judgment reversed. All the Justices concur. Felton, J., disqualified.*

ARGUED NOVEMBER 10, 1969—DECIDED DECEMBER 4, 1969.

*Jack J. Helms*, for appellant.
*William A. Zorn*, for appellee.