### 49093. EARLY COMPANY, INC. v. BRISTOL STEEL & IRON WORKS, INC. et al.

PANNELL, Judge.

On August 11, 1972, plaintiff filed its complaint against the appellees and, on the same date, a copy was served on Bristol Steel, a Virginia Corporation, by leaving a copy with C. T. Corporation Systems, as registered agent for the service of process. On August 15, 1972, plaintiff amended its complaint. On August 17, 1972, Bristol Steel was similarly served with a copy of the amended complaint. On August 18, 1972, Atlanta Structural Concrete Co., a division of Bristol Steel, was served with a copy of the complaint at its office in Fulton County, Georgia. On September 18, 1972, Bristol Steel and Atlanta Structural Concrete filed their answer and cross claim with the court, but failed to pay costs. Following the filing of various other pleadings, the taking of depositions, propounding of interrogatories, and answers thereto, on February 1, 1973, appellant filed a motion to strike the answer of Bristol Steel and to enter

a default judgment. Following a hearing, the trial court granted the motion on May 30, 1973, and placed the case on the default calendar. On June 18, 1973, Bristol Steel moved to open the default, tendered court costs, set up defenses and announced that it was ready to proceed. On October 30, 1973, after hearing argument, the trial court granted the motion to open the default and allowed Bristol Steel to plead. The trial court certified the order for immediate review and appellant appeals. *Held:*

The summons in the instant case directed appellee, Bristol Steel, in unmistakable terms to file an answer to the complaint, on penalty of default if it failed so to do. There is nothing in the record before this court to disclose any sound basis for any legal excuse in failing to comply with the mandate of the summons. Here, not only did appellee, Bristol Steel, ignore the process and its controlling statute, Ga. L. 1966, pp. 609, 622, as amended (Code Ann. § 81A-112 (a)), but it violated the statutory provisions which permit the opening of an automatic default as a matter of right by the payment of costs. Ga. L. 1966, pp. 609, 659 as amended (Code Ann. § 81A-155 (a)).

The appeal here, however, is from an order entered opening a default prior to final judgment and allowing the defendant to file defensive pleadings under Ga. L. 1966, pp. 609, 659, as amended (Code Ann. § 81A-155 (b)). This codal provision ostensibly permits the court to exercise its discretion to take such action "where the judge, from all the facts shall determine that a proper case has been made for the default to be opened," and providing certain conditions are met. There have been divergent appellate opinions rendered on the extent of the latitude of the discretion extended to the trial judge. However, this court is bound by the decisions of the Supreme Court as to decisions of a divided bench. *Life Ins. Co. of Ga. v. Lawler,* 211 Ga. 246, 251 (85 SE2d 1). Therefore, when in *Jordan v. Clark,* 119 Ga. App. 18, 19 (165 SE2d 922), this court in construing *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245) stated that: "[T]he Supreme Court made it clear that if a party, on reading a writ, reaches the wrong conclusion and therefore pays no attention to the process and fails to answer, his neglect

is inexcusable and gross, and that the trial court has no authority to open a default for reasons which fall short of a reasonable excuse for the negligent failure to answer. [Cits.]" We must follow that precedent.

In the instant case, appellees basically allege that the confusion was generated by the conduct of appellant in having appellees and its divisions, Atlanta Structural Concrete, served on divers dates with the complaint and an amended complaint. The language of Code Ann. § 81A-112 (a), supra, as well as the language on the process itself is plain and unambiguous. In *Brucker,* supra, it also was held that "While this section (Code Ann. § 81A-155 (b)) gives to a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. 'Excusable neglect' does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a *reasonable excuse* for failing to answer." Weighing the appellee's legal delinquency on the scales of both statutory and appellate decisions we find it short as to reasonable excuse, and that it failed to measure a proper case for the default to be opened. The facts fail to make a case where the trial court would have a discretion. See *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796, 797 (171 SE2d 539). Reversal is required.

*Judgment reversed. Eberhardt, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 7, 1974 — DECIDED APRIL 25, 1974 — REHEARING DENIED MAY 13, 1974 —

*Harrison, Martin, Childs & Foster, H. Fielder Martin, John R. Grimes,* for appellant.

*Wm. Lewis Spearman, David U. Crosby, Carter, Ansley, Smith & McLendon, Ben Kingree,* for appellees.