64976. SIMON v. McGEE PLUMBING & ELECTRIC
COMPANY et al.
65013. FLANDERS v. McGEE PLUMBING & ELECTRIC
COMPANY et al.

QUILLIAN, Chief Judge.

In June of 1979 defendant A. O. Flanders and the plaintiff Mrs. Floye Y. Simon entered into a contract whereby the defendant was to construct a house for the plaintiff. Flanders sub-contracted with McGee Plumbing and Electric Company to do the plumbing, electrical wiring, heating and air conditioning work. On August 28, 1979, while the house was under construction, a fire occurred which did substantial damage to the house. Flanders was asked by Mrs. Simon's insurance carrier to give them an estimate on the damage and the cost to reconstruct the house. Flanders submitted a bid and contracted with Mrs. Simon to rebuild the house for $23,299.60. The insurance company, by use of a loan receipt, paid for the cost of rebuilding the house and after completion of construction brought this action in May of 1980 in Mrs. Simon's name against Flanders and

McGee — whose negligence was alleged to have caused the fire.

McGee was properly served. A deputy sheriff attempted to serve Flanders at his home on May 24, 1980 but served his 17-year-old son who was living with his father. Flander's son was on his way to work and placed the complaint and summons in the mailbox. Flanders removed the complaint from his mailbox upon his return home and read it, but took no action. McGee answered and moved for summary judgment which was granted. Thereafter, McGee, or someone on his behalf, paid $4,500 to the insurance carrier to reduce the amount of damages sought to $18,799.60.

The insurance carrier's local agent called Flanders to notify him he was in default on this action. Flanders obtained an attorney and moved to open default — fourteen months after service. The Motion to Open Default was denied and trial was had on the amount of damages. The jury returned a verdict for "$1,879.96 or 10% of face amount." Plaintiff moved for judgment n.o.v. which was denied. Judgment was entered on the verdict and plaintiff Simon brings this appeal on the amount of the judgment. Defendant Flanders appeals from the denial of his Motion to Open Default. *Held:*

1. Proper service was made upon the defendant Flanders. *Trammel v. Nat. Bank of Ga.,* 159 Ga. App. 850 (1) (285 SE2d 590); *Knox v. Landers,* 160 Ga. App. 1 (2) (285 SE2d 767). Code Ann. § 81A-155 (b) provides three grounds for opening defaults — providential cause, excusable neglect, and where the court finds a proper case has been made for opening default. *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178); *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115). Providential cause is not involved in this case and the trial court found that a proper case had not been made for opening default. This leaves in issue whether Flanders' conduct established excusable neglect. " ' "Excusable neglect" does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer.' " *Deering Harvester Co. v. Thompson,* 116 Ga. 418, 419 (42 SE 772). "In *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245) the Supreme Court made it clear that if a party, on reading a writ, reaches the wrong conclusion and therefore pays no attention to the process and fails to answer, his neglect is inexcusable and gross, and that the trial court has no authority to open a default for reasons which fall short of a reasonable excuse for the negligent failure to answer." *Jordan v. Clark,* 119 Ga. App. 18, 19 (165 SE2d 922); accord: *Cate v. Harrell,* 128 Ga. App. 219 (3) (196 SE2d 155); *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539). The trial court did not err in refusing to open default.

2. " 'On consideration of an [appeal from] the denial of a motion

for a judgment non obstante veredicto, the question before this court is not whether the verdict and judgment of the trial court was merely authorized, but is whether a contrary judgment was demanded . . .' " *Salley v. Hogan,* 104 Ga. App. 876, 878 (123 SE2d 313). " 'In giving consideration to a motion for judgment notwithstanding the verdict the court is concerned substantially with the same principles of law as are applicable upon consideration of the motion for directed verdict . . . The question for determination is whether or not the evidence demands a verdict for movant [cits.] and if there be any evidence to support the verdict returned denial of the motion is proper and grant would constitute error [cits.].' " *Moody v. Nides Finance Co.,* 115 Ga. App. 859 (1) (156 SE2d 310); accord: *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 159 (256 SE2d 916); 5A Moore's Federal Practice 50-76, § 50.07 [2]. The direction of a verdict would be proper only where there is no conflict in the evidence as to any material issue and the evidence introduced at trial, with all reasonable deductions therefrom, demands a particular verdict. *Curl v. First Federal Savings &c. Assn.,* 243 Ga. 842, 843 (257 SE2d 264); Code Ann. § 81A-150 (a). We find that there was not any conflict in the evidence and the evidence introduced at trial, with all reasonable deductions therefrom, demanded a verdict for the total amount proved by plaintiff.

All properly pleaded allegations and fair inferences and conclusions of fact to be drawn from plaintiff's allegations stand admitted by the default judgment against Flanders. *Stroud v. Elias,* 247 Ga. 191, 193 (275 SE2d 46). Thus, defendant's liability for the damage caused by the fire was conclusively established by the default. In this trial the amount of damages caused by the fire was also conclusively established to be $23,299.60 — the amount of the contract signed by the defendant Flanders to repair the damages. That amount was to be reduced by $4,500 — the voluntary payment received by the insurer. There is no evidentiary basis in the record for the verdict reached by the jury. Hence, "[w]hile it is erroneous for a court to direct a verdict in favor of a particular party to the cause where there is an issue of fact, where the proved facts, viewed from every possible legal point raised by the evidence, would sustain no finding other than the one [demanded by the evidence] . . . then it is error to refuse to direct an appropriate verdict." *Jones v. Spindel,* 143 Ga. App. 341, 343 (238 SE2d 703); *City of Atlanta v. West,* 160 Ga. App. 609, 611 (287 SE2d 558). Therefore, since the plaintiff proved his case as alleged, in the total amount of damages claimed, and since there was no defense to that amount, a verdict in that amount was demanded and the trial court erred in denying plaintiff's motion for judgment non obstante veredicto. See *Owens v. Floyd County,* 96 Ga.

App. 25, 29 (3) (99 SE2d 560).

*Judgment reversed and case remanded with direction that the trial court enter judgment for plaintiff in the amount of $18,799.60 in 64976; judgment affirmed in 65013. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 12, 1982 —
REHEARING DENIED DECEMBER 6, 1982
IN CASE NO. 64976 — 

*Millard B. Shepherd, Jr.,* for appellant (case no. 64976).
*J. Franklin Edenfield, Robert S. Reeves,* for appellant (case no. 65013).
*J. Franklin Edenfield, Millard B. Shepherd, Jr.,* for appellees.