## A93A0015. COLONIAL PENN LIFE INSURANCE COMPANY v. MARKET PLANNERS INSURANCE AGENCY, INC. et al.
(434 SE2d 124)

SMITH, Judge.

Colonial Penn Life Insurance Company (Colonial Penn) brought suit against Market Planners Insurance Agency, Inc. and Jimmy Whited in the State Court of Fulton County. No timely answer was filed. When the defendants did file an answer, they simultaneously moved to open the pre-judgment default. The reason given for the failure to file an answer was their mistaken belief that the complaint in this case was precisely the same as a substantively identical com-

plaint filed by plaintiff in federal court in Texas.

Applying OCGA § 9-11-55 (b), the trial court found a proper case had been made to permit defendants to open their pre-judgment default and granted their motion. However, the order was certified by the trial court for immediate review, plaintiff's application for interlocutory appeal was granted by this court, and this appeal from the order of the trial court opening appellees' pre-judgment default followed.

With reference to this Code section and its predecessors, the Georgia Supreme Court has said, "the wording . . . is such that it conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, where the judge from all the facts shall determine that a proper case has been made." (Citations and punctuation omitted.) *Axelroad v. Preston*, 232 Ga. 836, 837 (1) (209 SE2d 178) (1974). Colonial Penn relies upon the case of *Sanders v. American Liberty Ins. Co.*, 225 Ga. 796, 797 (171 SE2d 539) (1969), as authority for the proposition that a party's mistaken belief that but one suit was represented by two complaints and that a second complaint need not be answered, "fall[s] short of making a case where the trial court would have a discretion [even under the 'proper case' standard to open the pre-judgment default]. [Cits.]"

We do not find *Sanders* to be controlling. The analysis employed there has been superseded by a broader statutory construction of the "proper case" prong of OCGA § 9-11-55 (b) applied by the Supreme Court and this court in subsequent decisions. In *Houston v. Lowes of Savannah*, 235 Ga. 201, 202-203 (219 SE2d 115) (1975), the Supreme Court declined to follow *Sanders* and other cases with similar holdings and adopted the reasoning in *Axelroad*, finding it to be "the most persuasive decision." In doing so, the Supreme Court specifically overruled several of its earlier decisions, including *Brucker v. O'Connor*, 115 Ga. 95 (41 SE 245) (1902), which was the basis for the holding in *Sanders*. "If the record sustains the decision to open default under any of the three grounds noted in the statute (providential cause, excusable neglect, and a proper case), this court will affirm the trial court's action. [Cit.]" *P. H. L. Dev. Corp. v. Smith*, 174 Ga. App. 328, 329 (1) (329 SE2d 545) (1985).

In this case, since defendants reasonably believed that they *already had answered* the same complaint, the trial court was authorized to conclude that their failure to file a timely answer was not a wilful disregard of all court process. Moreover, Colonial Penn has failed to show on appeal how it will be unfairly disadvantaged by a hearing on the merits. "[T]he trial court did not abuse its discretion,

under the 'proper case' ground [of OCGA § 9-11-55 (b)], in granting [appellees'] motion to open the [pre-judgment] default. [Cits.]" *Copeland v. Carter*, 247 Ga. 542, 543 (1) (277 SE2d 500) (1981).

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Cooper and Andrews, JJ., concur. Beasley, P. J., concurs in the judgment only. Pope, C. J., and Blackburn, J., dissent. Johnson, J., not participating.*

BLACKBURN, Judge, dissenting.

In this case, the appellees were originally served with a complaint filed by the appellant in federal court in Texas, with the civil action number 3-91CV2063-G. An answer was timely filed. Approximately one month later, the appellant commenced this action against the appellees in the State Court of Fulton County, with the civil action number 91-VS45311A, involving the same subject matter as the Texas lawsuit. However, the appellees never filed an answer because of its mistaken belief that the *Georgia state court* action was the same action as the *Texas federal court* action. I cannot agree with the majority opinion's finding that under these circumstances, the appellees "reasonably believed that they *already had answered* the same complaint."

In *Sanders v. American Liberty Ins. Co.*, 225 Ga. 796, 797 (171 SE2d 539) (1969), the Supreme Court held that the defendant's explanation that it failed to answer a second complaint because of a mistaken belief that it was the same lawsuit previously answered, did not show "that the defendant's neglect was excusable, or made a proper case for the default to be opened." In *Sanders*, the lawsuits had different plaintiffs but with the same last name, and the actions were filed in the same court, with consecutive civil action numbers, but the Supreme Court was unswayed by such factors.

In the instant case, in mistaking the second complaint filed in the Georgia state court as the same lawsuit previously answered in the Texas federal court, the appellees are in a much weaker position than the defendant in *Sanders*. The majority opinion rationalizes its acceptance of their explanation by stating that the "proper case" basis for opening default in *Sanders* was subsequently expanded in *Axelroad v. Preston*, 232 Ga. 836 (1) (209 SE2d 178) (1974), and *Houston v. Lowes of Savannah*, 235 Ga. 201 (219 SE2d 115) (1975). However, *Axelroad* and *Houston* both merely solidified the "proper case" analysis as a third ground for opening default, and thus approved the consideration of that third ground in *Sanders*.

The majority opinion attempts to deprecate *Sanders* by pointing out that in *Houston*, the Supreme Court overruled *Brucker v. O'Conner*, 115 Ga. 95 (41 SE 245) (1902), which, according to the majority opinion, was the basis for the holding in *Sanders*. However, the

court in *Sanders* simply held that the facts before it did not establish providential cause, excusable neglect, or otherwise a proper case for opening a default, which was the proper analysis, and merely quoted *Brucker* as another example of where facts demanded finding the lack of any basis for opening a default. In *Houston*, the Supreme Court overruled *Brucker* to the extent that some language contained therein was susceptible of being read as holding that the Code provided only one ground for opening a default, but it did not criticize *Sanders*.

*Sanders* correctly identified the three possible bases for opening a default, and is consistent with the rule stated in *Axelroad* and *Houston*. However, under the circumstances in *Sanders*, the Supreme Court concluded that no basis existed for opening the default. As discussed above, the facts in the instant case present a much weaker case for opening a default than those considered in *Sanders*. Accordingly, *Sanders* should control the instant case, requiring reversal of the trial court's order reopening the default in this case. For that reason, I must respectfully dissent.

I am authorized to state that Chief Judge Pope joins in this dissent.

DECIDED JULY 16, 1993.

*Drew, Eckl & Farnham, Paul W. Burke, Jerry C. Carter, Jr.*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Jan P. Cohen, F. Scott Young*, for appellees.