A95A2454. DANIEL et al. v. CAUSEY et al.
(469 SE2d 839)

POPE, Presiding Judge.

In this medical malpractice action which was voluntarily dismissed and renewed, defendants (an individual doctor and his professional association) appeal a jury verdict for plaintiffs which included an award of $500,000 in punitive damages. In six enumerations of error defendants raise four issues, challenging the trial court's (1) denial of their motion to open default; (2) denial of their motion for a certificate of immediate review; (3) admission of evidence relating to liability in a trial limited to ascertaining damages; and (4) award of pre-judgment interest. Concluding that none of defendants' arguments is meritorious, we affirm.

1. Although defendants were served with the renewed complaint, they assumed it was part of the prior action and that their attorneys would handle it. But their attorneys failed to answer the renewed complaint, the case went into default, and the trial court denied their motion to open the default. Defendants contend that this denial was error, since it was not unreasonable for them to rely on their lawyers. We have held, however, that " '[t]he neglect of the attorney was the neglect of the client, and furnished no reason for setting aside the judgment.' [Cits.]" *U. S. Xpress v. Askew & Co.*, 194 Ga. App. 730 (391 SE2d 707) (1990).

Additionally, even if a party has met all the prerequisites for opening a default under OCGA § 9-11-55 (b), the trial court has broad discretion in deciding whether or not to open the default, and its decision not to open a default — like its decision to open a default — will not be interfered with unless that discretion is manifestly abused. See id. at 730-731. The trial court's discretion was not abused here. Defendants' reliance on *Colonial Penn Life Ins. Co. v. Market Plan-*

*ners Ins. Agency,* 209 Ga. App. 562 (434 SE2d 124) (1993), is misplaced. In *Colonial Penn* the defendant failed to answer a complaint because a substantially identical complaint was already pending in another jurisdiction and he thought he had already answered the Georgia complaint. The trial court opened the default and we affirmed, holding that the trial court had not abused its discretion, but this is clearly not the same as holding that the trial court would have abused its discretion if it had *not* opened the default.

2. Defendants also assert that the trial court should have issued a certificate for immediate review of the denial of defendants' motion to open default. In light of our conclusion in Division 1 that the denial of defendants' motion to open default was not an abuse of discretion, this issue is moot.

3. Because of defendants' default, a jury trial was held on the issue of damages only, and defendants contend that the trial court erred in admitting evidence about what the doctor did (i.e., evidence they argue was relevant to defendants' liability rather than to the issue of damages). The issue of punitive damages was before the jury, however, and evidence of the doctor's conduct was both relevant and necessary to the question of the amount of damages necessary to deter or punish that conduct. See OCGA § 51-12-5.1 (d) (2). Accordingly, this contention is also without merit.

4. Lastly, defendants argue that the award of pre-judgment interest was improper because plaintiffs gave written notice of their claim prior to filing their original suit but did not do so again prior to filing their renewal action. The language of OCGA § 51-12-14 (a) speaks of notice of a *claim* for unliquidated damages rather than an action or lawsuit, however; indeed, in many cases notice of the claim will precede and perhaps prevent any lawsuit. In this case, despite the fact that plaintiffs brought two actions, there is only one claim involved, and plaintiffs met the requirements of OCGA § 51-12-14 (a) by sending defendants notice of their claim once. See also OCGA § 51-12-14 (b) (notice of claim "may be given on only one occasion").

*Judgment affirmed. McMurray, P. J., Andrews, Johnson and Smith, JJ., concur. Blackburn and Ruffin, JJ., concur specially. Beasley, C. J., and Birdsong, P. J., dissent.*

BLACKBURN, Judge, concurring specially.

I agree wholeheartedly with the majority opinion and write this special concurrence to address the position taken by the dissent. Apparently, the dissent would hold that it would be unjust to allow plaintiffs to retain their verdict just because defendants did not answer as required by law. Should we likewise allow a horribly injured plaintiff, who failed to file his complaint within the statute of limitation because of a similar confusion, to proceed with his claim against

the tortfeasor because otherwise an injustice would result?

We are a court of law for the correction of errors and we have no equitable jurisdiction. The *trial court* has discretion to open default under OCGA § 9-11-55 (b) not the appellate court. In *Colonial Penn Life Ins. Co. v. Market Planners Ins. Agency*, 209 Ga. App. 562 (434 SE2d 124) (1993), the trial court exercised its discretion and opened defendants' default and this Court affirmed the ruling. In this case, the trial court exercised its discretion and refused to open the default and this Court should similarly affirm. OCGA § 9-11-55 (b); *Mills v. State*, 188 Ga. 616 (4 SE2d 453) (1939).

I am authorized to state that Judge Ruffin joins in this special concurrence.

BEASLEY, Chief Judge, dissenting.

I respectfully dissent. The remedial rule allowing the opening of default is to be liberally applied. *Ewing v. Johnston*, 175 Ga. App. 760, 764 (334 SE2d 703) (1985). The circumstances in this case are sufficiently similar to those in *Colonial Penn Life Ins. Co. v. Market Planners Ins. Agency*, 209 Ga. App. 562 (434 SE2d 124) (1993), that they ought to be treated the same. Both involved two suits and lay confusion in believing there was one. All the requirements of OCGA § 9-11-55 (b) were met, and injustice is done if defendants must pay well over $1 million if there was, in fact, no negligence.

Were it not for this fundamental error, I would agree with the remaining three divisions in the opinion.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED MARCH 12, 1996.

*Phillips & Phillips, Arthur L. Phillips*, for appellants.
*Bird, Ballard & Still, William Q. Bird, Karin L. Allen, Dehler & Griffin, Maryellen Griffin, Lynn H. Whatley*, for appellees.