A97A2072. BILLY CAIN FORD LINCOLN MERCURY, INC.
v. KAMINSKI.
(496 SE2d 521)

JOHNSON, Judge.

Sonya Kaminski filed this action against Billy Cain Ford Lincoln Mercury, Inc. ("the dealership"), alleging intentional fraud and deceit, violations of the Georgia Fair Business Practices Act ("FBPA"), and breach of express warranty. According to her com-

plaint, Kaminski went to Billy Cain's Cornelia dealership and purchased what was represented to her as a 1989 Chevrolet Silverado pickup truck. However, subsequent incidents involving repair of the truck and its parts, as well as a title history, revealed that the truck was a GMC rather than a Chevrolet. According to the complaint, analysis of the title history and additional documentation of the vehicle indicated that the Cornelia dealership and its agents had both notice and knowledge that the truck was not a Chevrolet, yet they deceptively misrepresented and sold the truck as a Chevrolet to Kaminski.

The dealership failed to file a timely answer, and the trial court denied its motion to open default. Following a trial on damages, the jury returned a verdict in favor of Kaminski in the amount of $2,823.70 for breach of warranty and found that Kaminski was entitled to exemplary damages. The jury then heard evidence as to that issue and returned a verdict in favor of Kaminski in the amount of $50,000 for exemplary damages.

In accordance with the default judgment and the jury verdict, the trial court's judgment awarded the following relief to Kaminski: The contract between the parties was rescinded; FBPA damages in the amount of $10,913.29 in actual damages; $9,295 in attorney fees, expenses of litigation and court costs; $50,000 in exemplary damages; and $2,823.70 in breach of warranty damages. The dealership appeals. We affirm.

1. In its first enumeration of error, the dealership contends the trial court erred in denying its motion to open default. OCGA § 9-11-55 (b) allows the trial court, in its discretion, to open a default for providential cause preventing the filing of the required pleading, for excusable neglect, or when the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, if four conditions are met: (1) a showing by the movant under oath, (2) an offer to plead instanter, (3) an announcement of ready to proceed to trial, and (4) the setting up of a meritorious defense. The statute also requires that costs be paid. OCGA § 9-11-55 (b).

The record shows that nearly three months after service and one day before the scheduled hearing concerning damages on the default, the dealership filed a motion to open default, alleging failure of service and failure to name the proper party as defendant. Following a hearing on the motion, the dealership amended its motion to open default, filing an answer with this amendment and purportedly curing its deficiencies under the default statute. The trial court denied the dealership's motion, concluding that the dealership failed to show sufficient grounds for opening the default.

The evidence at the hearing showed that the dealership was served through Hilda Anglin, secretary to Billy Cain, who placed the

documents on Cain's desk. Anglin assured the serving officer that she would "make certain" Cain received the summons and complaint. The dealership had been served with civil process perfected upon Anglin in the past. The evidence further disclosed that the documents remained on Cain's desk for two and one-half months without action. Notwithstanding the dealership's arguments that Anglin is a mere servant, we cannot conclude that the trial court abused its discretion in finding that service on Anglin was proper and that no excusable neglect occurred under the circumstances.

"In addition to service on a registered agent, OCGA § 9-11-4 (d) (1) allows service on the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof. In order for an employee to be authorized to accept service on behalf of a corporation, it is necessary that the employee's position be such as to afford reasonable assurance that [s]he will inform [her] corporate principal that such process has been served upon [her]." (Citations and punctuation omitted.) *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (2) (442 SE2d 795) (1994).

The dealership also argued that its motion to open default should have been granted due to manifest injustice because the party named was improper. The record shows that the dealership has waived any objection to the misnomer due to its failure to object in the consolidated pretrial order regarding proper parties in interest. See *Williams v. Safeway Ins. Co.*, 223 Ga. App. 93, 94 (476 SE2d 850) (1996) (the pretrial order controls the scope of trial, and an issue omitted from the pretrial order is waived).

Moreover, misnaming a party in the pleadings is a defect which may be waived where the misnamed party is in fact the legally cognizable proper party in interest. See *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (1) (303 SE2d 742) (1983). The pleadings in the present case name "Billy Cain Ford Lincoln Mercury, Inc." as the defendant, a misnomer combining two separate corporations, Billy Cain Ford Mercury, Inc. and Cain Ford Lincoln Mercury of Cornelia, Inc. It is undisputed that Billy Cain is the registered agent for both these corporations, that the transaction at issue involved Cain Ford Lincoln Mercury of Cornelia, Inc., that Billy Cain owns both corporations, that he is president of both corporations, and that he is the major stockholder of both corporations. Since the trial court correctly determined that Billy Cain was properly served in this action as the registered agent, the trial court did not abuse its discretion in failing to grant the dealership's motion to open default on the ground that a manifest injustice in misnaming the dealership had occurred.

Furthermore, even if a party has met all the prerequisites for opening a default under OCGA § 9-11-55 (b), the trial court has broad discretion in deciding whether or not to open the default, and its deci-

sion not to open a default will not be interfered with unless that discretion is manifestly abused. See *Daniel v. Causey*, 220 Ga. App. 589 (1) (469 SE2d 839) (1996). We find no such abuse of discretion in the present case.

2. In its second enumeration of error, the dealership asserts the trial court erred in denying its motion for a directed verdict as to the issue of consequential and incidental damages. These damages related to Kaminski's breach of warranty claim. See OCGA § 11-2-715.

A buyer is entitled to incidental damages resulting from the seller's breach of warranty which include "expenses reasonably incurred in inspection, receipt, transportation, and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses, or commissions in connection with effecting cover, and any other reasonable expense incident to the delay or other breach." OCGA § 11-2-715 (1). In addition, a buyer is entitled to recover consequential damages, which include "[a]ny loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and [i]njury to person or property proximately resulting from any breach of warranty." OCGA § 11-2-715 (2).

Kaminski testified in detail at trial regarding the various expenses she incurred as a result of problems she experienced with the truck. These expenses included miscellaneous parts she had to purchase for the truck and the rental of a vehicle to get to work. Thus, there was sufficient evidence to submit the issue of these damages to the jury. See *B & D Carpet &c. Co. v. Gunny Corp.*, 158 Ga. App. 621 (281 SE2d 354) (1981).

3. The trial court did not err in denying the dealership's motion for a directed verdict on the issue of damages recoverable under the FBPA. The dealership asserts that no evidence was presented at trial to show that the public interest would be served by the action, so its motion for a directed verdict on this issue should have been granted. We disagree.

At the outset, we note that the dealership's liability under the FBPA was conclusively established through default when it failed to timely answer Kaminski's complaint. Thus, the dealership cannot on appeal address the merits of its liability under the FBPA. Even if liability had not been conclusively established through default, however, there was sufficient evidence presented by Kaminski to show that the public interest would be served by allowing her action against the dealership to proceed. The record shows that the pickup truck was advertised to the public and ultimately sold to a member of the public. A reasonable trier of fact could further find from the evi-

dence that the dealership knew the truck was not of the make and model as represented. "Offering a product for sale by opening one's door to the general public should trigger the prohibitions of the act if some deceptive act or practice were involved." *Benchmark Carpet Mills v. Fiber Indus.*, 168 Ga. App. 932, 934 (311 SE2d 216) (1983).

Kaminski presented evidence of a violation of the FBPA by showing that before the truck was sold in the consumer marketplace, the dealership was placed on reasonable notice that the make and model were not as represented and thereafter failed to take reasonable measures to ascertain the true state of facts concerning the truck's correct make and model prior to selling the vehicle to an innocent purchaser. See generally *Crown Ford v. Crawford*, 221 Ga. App. 881, 883 (1) (473 SE2d 554) (1996). Construing the evidence to support the verdict and judgment, as we are required to do on appeal, and applying the requisite standard for directed verdict, we are satisfied that the trial court did not err in failing to grant the dealership's motion for directed verdict. See *Regency Nissan v. Taylor*, 194 Ga. App. 645, 648 (2) (391 SE2d 467) (1990).

4. In its fourth enumeration of error, the dealership contends the trial court erred in admitting into evidence receipts for repairs and replacement parts for the truck because the receipts named nonparties as payors for the repairs and purchases. Rather than arguing whether the admission of these receipts was proper, however, the dealership has reframed its enumeration in its brief, arguing that Kaminski failed to provide evidence of her actual expenses. It is well established that statements in the briefs cannot enlarge or alter the scope of review to include issues not reasonably contained in the enumeration of error. See *Mobley v. Sewell*, 226 Ga. App. 866, 869 (487 SE2d 398) (1997); *Jabaley v. Jabaley*, 208 Ga. App. 179, 180 (2) (430 SE2d 119) (1993); *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223 (372 SE2d 493) (1988). Furthermore, any enumeration of error which is not supported in the brief by citation of authority or argument is deemed abandoned. Court of Appeals Rule 27 (c) (2). Accordingly, we may not properly address this enumeration.

5. The trial court did not err in denying the dealership's motion for a directed verdict as to the issue of exemplary damages under the Fair Business Practices Act. OCGA § 10-1-399 (a) provides that a FBPA cause of action can be brought "to recover . . . general and exemplary damages sustained as a consequence [of acts or practices prohibited by the FBPA]; provided, however, exemplary damages shall be awarded only in cases of intentional violation." As we have already noted, based on the effect of the default judgment as to liability and the additional evidence presented by Kaminski, the jury was authorized to find that the dealership knew the make and model of the truck were not as represented. Contrary to the dealership's argu-

ment, detailed evidence of actual damages was offered by Kaminski. There was sufficient evidence for a rational trier of fact to conclude that Kaminski sustained actual damages not fully recoverable through rescission of the contract and return of the purchase price. Thus, the trial court correctly denied the dealership's motion for a directed verdict on this ground. See generally *Regency Nissan*, supra; *Colonial Lincoln-Mercury Sales v. Molina*, 152 Ga. App. 379, 381 (6) (262 SE2d 820) (1979). The dealership's contention that the verdict form should not have provided a space for indicating an award of exemplary damages, if any, also lacks merit for these same reasons.

6. In two enumerations of error, the dealership contends the trial court erred in failing to charge the jury with language taken directly from statutes related to tort damages. Specifically, the dealership requested the following charges: (1) "If the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer," and (2) "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. However, damages traceable to the act, but which are not its legal and natural consequence are too remote and contingent to be recovered." According to the dealership, these charges were "directly on point because [Kaminski] failed to prove her case for damages." However, as we have already noted, Kaminski did provide evidence of actual damages, and the evidence of damages was not speculative, conjectural or remote.

A charge must be adjusted to the pleadings and the evidence and must not be so phrased as to have a tendency to confuse and mislead the jury or to becloud the issues in the case. *Bakery Svcs. v. Thornton Chevrolet*, 224 Ga. App. 31, 33 (3) (479 SE2d 363) (1996). The trial court did not err by failing to include these requested charges since the charges were not adjusted to the evidence and would not have assisted the jury in reaching a decision on the damage issues in the case.

Moreover, while the dealership contends its instructions were necessary to inform the jury "as to their duties in reviewing the evidence and sufficiency of same for an award of damages," the trial court's charge to the jury substantially and sufficiently covered these principles. Hence, there was no error in the denial of these requests to charge. See *Lehman v. Zuckerman*, 198 Ga. App. 202, 205 (6) (400 SE2d 704) (1990).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 29, 1998 —
RECONSIDERATION DENIED FEBRUARY 16, 1998

*Adams, Ellard & Frankum, Cadman R. Kiker, Jr., Jennifer L. Thacker*, for appellant.

*Verdery & Oliver, William R. Oliver, Cindy M. Franklin*, for appellee.