**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 12, 2023**

# In the Court of Appeals of Georgia

A23A0687. CARR v. YIM.

MILLER, Presiding Judge.

This is the second appearance of Patricia Ann Carr and Jenny Jung Ah Yim before this Court in their civil dispute stemming from a 2016 vehicular collision. See *Yim v. Carr*, 349 Ga. App. 892 (827 SE2d 685) (2019). In this case, Carr appeals from the trial court's order denying her motion for attorney fees and litigation expenses under OCGA § 9-11-68. Carr argues that she was entitled to an award under the statute notwithstanding that her offer of settlement was only served in the first action that she voluntarily dismissed without prejudice, and not served in the renewal action in which she ultimately prevailed. We conclude that an offer of settlement does not entitle a party to attorney fees and expenses under OCGA § 9-11-68 following a voluntary dismissal without prejudice and that such offer must be served in a renewal

action to authorize an award under OCGA § 9-11-68. We therefore affirm the trial court's order denying Carr's motion for attorney fees and litigation expenses.

According to the record, on April 14, 2016, Yim was traveling on West Paces Ferry Road in Atlanta and was making a left turn when she collided with Carr, who was traveling in her vehicle from the opposite direction. Carr suffered various injuries as a result of the collision and incurred more than $500,000 in medical expenses. On September 2, 2016, Carr filed suit against Yim and Yim's parents in Cherokee County State Court, alleging negligence against Yim and vicarious liability against Yim's parents.[1] During the proceedings, Yim filed a motion to enforce a settlement agreement which was supposedly executed by Carr and Yim's insurer, and Yim's parents filed a motion for summary judgment on Carr's vicarious liability claims. *Yim*, supra, 349 Ga. App. at 892. Following a hearing, the trial court granted Yim's motion to enforce the settlement agreement, but it denied her parents' motion for summary judgment. Id. Carr and Yim's parents appealed from the trial court's rulings, and we reversed the trial court's orders granting Yim's motion to enforce the settlement

---

[1] Carr also asserted a negligent entrustment claim against Yim's parents, but she later dismissed that claim. *Yim*, supra, 349 Ga. App. at 892 n.1.

agreement and the order denying her parents' motion for summary judgment on Carr's vicarious liability claims. Id. at 893.

In April 2019, while the Cherokee County action was still pending, Carr served Yim with an offer of settlement pursuant to OCGA § 9-11-68 by certified mail. The offer, which contained the Cherokee County case caption and case number, stated that Carr would "settle, compromise, and resolve her claims for bodily injury and personal injury . . . in exchange for the total amount of $5,000,000[,]" but the offer was not accepted. Carr voluntarily dismissed the action without prejudice in March 2020, and she refiled the action against Yim in Gwinnett County State Court.[2] Carr did not submit a new offer of settlement in the renewal action. In March 2022, following a jury trial, the jury returned a verdict in Carr's favor for $6,295,293, and the trial court entered a judgment for $7,214,167.11.

Carr subsequently filed a motion for attorney fees and litigation expenses pursuant to OCGA § 9-11-68. Yim opposed the motion, arguing that Carr was not entitled to an award under the statute because Carr did not submit a valid offer of settlement. Specifically, Yim argued that, although Carr submitted her offer in the Cherokee County action, Carr did not submit an offer of settlement in the renewal

---

[2] Yim's parents were not included as defendants in the renewal action.

3

action, and thus she failed to satisfy the procedural requirements of the statute. The trial court denied Carr's motion following a hearing, determining that the plain language of OCGA § 9-11-68 required that Carr submit an offer of settlement in the renewal action and that her failure to do so precluded an award under the statute. This appeal followed.

In her sole enumeration of error, Carr argues that the trial court erred by denying her motion for attorney fees and litigation expenses under OCGA § 9-11-68 because the statute authorizes an award of such fees and expenses irrespective of an intervening voluntary dismissal without prejudice and that the statute does not require a party to serve the offer of settlement in the renewal action. We disagree and conclude that a party must serve an offer of settlement in a renewal action to authorize an award for attorney fees and expenses under OCGA § 9-11-68.

"Because this appeal involves a question of law, we review both the record and the decision of the court below de novo." (Citation omitted.) *Palazzo Rosa, LLC v. Dean*, 366 Ga. App. 687 (883 SE2d 925) (2023).

Georgia's offer of settlement statute is codified in OCGA § 9-11-68, and it governs written offers to settle tort claims. *Coastal Bank v. Rawlins*, 347 Ga. App. 847, 850 (1) (821 SE2d 89) (2018). The statute "was originally added to Georgia's

4

Civil Practice Act (CPA) as part of tort reform legislation that became effective on February 16, 2005, see Ga. L. 2005, p. 1, § 5, and was then amended effective April 27, 2006, see Ga. L. 2006, p. 446, § 1." *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 470 (1) (b) (759 SE2d 804) (2014). The statute sets out the procedural requirements for serving an offer of settlement, and it states in part:

> At *any* time more than 30 days after the service of *a summons and complaint* on a party but not less than 30 days (or 20 days if it is a counteroffer) *before trial*, either party may serve upon the other party, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer *and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly. . . .* If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.

(Emphasis supplied.) OCGA § 9-11-68 (a) - (b) (2). It is clear that following the rejection of the plaintiff's offer of settlement, the statute authorizes an award in the plaintiff's favor after the entry of a final judgment. It is unclear from the plain

5

language, and we have not squarely addressed,[3] whether the statute authorizes an award from a judgment when the offer of settlement was served in a prior action that was voluntarily dismissed. To resolve this issue, we begin by reiterating the familiar principles involved in conducting a statutory analysis:

> When interpreting provisions of a statute, such as OCGA § 9-11-68, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.

(Citation and punctuation omitted.) *Dean*, supra, 366 Ga. App. at 689. "[T]he common and customary usages of the words are important and include the usual and customary meaning of terms as used in a legal context. (Citation and punctuation omitted.) *Gundy v. Balli*, 362 Ga. App. 304, 308 (868 SE2d 296) (2022). Moreover, we construe a statute to give "sensible and intelligent effect to all of its provisions"

---

[3] In *McKesson Corp. v. Green*, 286 Ga. App. 110, 116 (3) (648 SE2d 457) (2007), we held that the defendant was not entitled to fees and expenses under OCGA § 9-11-68 in an *original* action that was voluntarily dismissed and later refiled, because the trial court did not enter a final judgment in the original case.

and we "refrain, whenever possible, from construing the statute in a way that renders any part of it meaningless." (Citation omitted.) *Catoosa County v. Rome News Media*, 349 Ga. App. 123, 129-130 (825 SE2d 507) (2019). It is our duty to "consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature." (Citation omitted.) *Harris v. Mahone*, 340 Ga. App. 415, 421-422 (1) (797 SE2d 688) (2017). "Thus, we cannot and will not add a line to the law." (Citation omitted.) Id. at 422 (1).

> And as to attorney-fee statutes specifically, we have repeatedly explained that because any statute that provides for the award of attorney fees is in derogation of common law, it must be strictly construed against the award of such damages. In other words, such statutes, including OCGA § 9-11-68, must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute.

(Citations, punctuation, and emphasis omitted.) Id. With these principles in mind, we turn to the issue on appeal.

We first examine the text of OCGA § 9-11-68 "because a statute draws its meaning from its text." (Citation and punctuation omitted.) *Fed. Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 562 (1) (826 SE2d 116) (2019). The statute states in part

7

that "at any time more than 30 days after the service of a summons and complaint . . . but not less than 30 days (or 20 days if it is a counteroffer) before trial, either party may serve upon the other party, . . . a written offer . . . to settle a tort claim. . . ." The statute does not contain definitions for any of these terms. See OCGA § 9-11-68. The Supreme Court of Georgia, however, has defined the term "claim" as "a demand for money, property, or a legal remedy to which one asserts a right; especially the part of a complaint in a civil action specifying what relief the plaintiff asks for." (Citation and punctuation omitted.) *State v. SASS Group, LLC*, 315 Ga. 893, 899 (II) (a) (885 SE2d 761) (2023). Also, the term "dismiss" means "[t]o send (something) away; specif[ically], to terminate (an action or claim) without further hearing, esp[ecially] before the trial of the issues involved[,]" while the term "judgment" means "[a] court's final determination of the rights and obligations of the parties in a case." Black's Law Dictionary (11th ed. 2019). Additionally, in examining the text of the statute, the fact that the offer of settlement must be served after the service of a summons or complaint but not less than 20 or 30 days *before trial* shows that an offer of settlement under the statute correlates to pending or existing cases. Furthermore, the statute mandates that an offer of settlement must contain a stipulation to enter into an agreement to "dismiss[] the claim, or to allow judgment to be entered." OCGA §

8

9-11-68 (a). Hence, because an offer of settlement must include a stipulation to dismiss the claim or allow judgment to be entered after the service of a summons and complaint, it logically follows that an offer of settlement is part and parcel of a pending or existing case. See *Chatham Area Transit Auth. v. Brantley*, 353 Ga. App. 197, 207 (3) (a) (834 SE2d 593) (2019) ("The legal maxim 'noscitur a sociis' means generally that a word or phrase may be known from its accompanying terms. Under this canon, words . . . should be understood in relation to each other, since words, like people, are judged by the company they keep.") (citations and punctuation omitted). Therefore, when the statute is read in context and construed against the award of attorney fees,[4] we conclude that an offer of settlement that was served in an action that was voluntarily dismissed without prejudice cannot serve as a valid offer of settlement in a subsequent renewal action because the offer only pertains to then-pending or existing cases. Instead, a party must serve the offer of settlement in the renewal action to authorize an award under OCGA § 9-11-68.

---

[4] Although Carr urges us to overrule our caselaw that holds that courts must construe OCGA § 9-11-68 against the award of attorney fees and expenses, we decline to do so.

This interpretation of OCGA § 9-11-68 comports with the manner in which Georgia courts have generally construed renewal actions under OCGA § 9-2-61 (a). That statute provides that

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later[.]

OCGA § 9-2-61 (a). We have noted that "a properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation[.]" (Citation omitted.) *Lathan v. Hosp. Auth. of Charlton County*, 343 Ga. App. 123, 127 (1) (805 SE2d 450) (2017). Yet we have been clear "that a renewed lawsuit under OCGA § 9-2-61 (a) is an action *de novo*[.]" (Citation omitted; emphasis supplied.) *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 321 (3) (765 SE2d 413) (2014); see also *Gallagher v. Fiderion Group, LLC*, 300 Ga. App. 434, 436-437 (1) (685 SE2d 387) (2009) (explaining that "the effect of a dismissal is so complete that a suit dismissed without prejudice . . . leaves the situation the same as if the suit had never been brought in the first place[,]" and that a plaintiff "would have had to file a new

10

action against [the] defendant to revive his claims. . . .") (citations and punctuation omitted). As such, "the procedural prerequisites of filing the renewed complaint and service of process must be met anew." *Giles*, supra, 330 Ga. App. at 321 (3); see also *Archie v. Scott*, 190 Ga. App. 145, 146 (2) (378 SE2d 182) (1989) ("[A]n action renewed pursuant to OCGA § 9-2-61 (a) is . . . not a continuance of the original action. The same cause may be renewed, recommenced, or brought over, but is in effect *de novo*[.]") (citations and punctuation omitted). Applying these principles, because a renewal action is a new action, and the procedural requirements in such action must be met anew, including the filing and serving of a new summons and complaint, it must follow that an offer of settlement that was served as part of an action that was voluntarily dismissed must also be served anew in a renewal action.

A similar conclusion was reached by a federal district court in *Nichols v. Fannin*, No. 1:16-CV-4700-JSA, 2018 WL 2220872 (N.D. Ga. April 16, 2018).[5] There, the plaintiff made a written offer of settlement pursuant to OCGA § 9-11-68 in a state court action which the defendant rejected. Id. at * 22 (II) (B). The plaintiff later voluntarily dismissed the state court action and refiled the action in federal

---

[5] We recognize that "[a] federal district court opinion is not binding on this Court." *Walker County v. Tri-State Crematory*, 292 Ga. App. 411, 415 (1) (664 SE2d 788) (2008).

11

court, where he ultimately obtained a verdict in his favor. Id. at *1 (I). The plaintiff later moved for attorney fees and expenses under OCGA § 9-11-68, arguing that he was entitled to an award under the statute because the defendant rejected his offer of settlement and he obtained a verdict that exceeded 125 percent of his offer of settlement. Id. at *21 (II) (B). In rejecting the plaintiff's claim, the district court reasoned that the plaintiff obtained his verdict in the federal action, which did not exist at the time the offer of settlement was made, and that the federal action was based on its own complaint which required new service of process and a new scheduling order, and it did not incorporate the prior procedural history. Id. at *22 (II) (B). Thus, the court concluded that, based on a plain reading of the statute, an offer of settlement served prior to the initiation of a "separate and distinct lawsuit did not have effect." Id.

In this case, Carr served Yim with an offer of settlement, which contained the case caption and case number for the Cherokee County case. The offer stated that Carr would release her claims against Yim for $5,000,000, and Yim does not dispute that she rejected Carr's offer. Carr later voluntarily dismissed the Cherokee County action without prejudice and refiled the action in Gwinnett County without subsequently serving an offer of settlement.

Given our discussion above, and in light of the district court's decision in *Nichols*, we conclude that Carr failed to serve Yim with a valid offer of settlement in the renewal action. The Gwinnett County case, in which Carr obtained her judgment, did not exist at the time of the Cherokee County case in which Carr served her offer of settlement. And, as explained above, OCGA § 9-11-68 contemplates that an offer of settlement be served in connection with existing or pending cases. Therefore, Carr's offer of settlement that was served in the original action could not serve as a valid offer of settlement in the renewal action to authorize an award under the statute.

Carr asserts numerous arguments to support her contention that her offer of settlement was still valid in the renewal action, but none of her arguments have merit. First, Carr argues that her offer of settlement remained valid as to the renewal action because we have previously construed the term "claim" in OCGA § 51-12-14, as being distinct from a lawsuit. Carr's argument is based on our prior decision in *Daniel v. Causey*, 220 Ga. App. 589, 590 (4) (469 SE2d 839) (1996), where we held that the trial court properly awarded the plaintiffs pre-judgment interest under OCGA § 51-12-14,[6] even though the plaintiffs brought two actions against the defendants but

---

[6] OCGA § 51-12-14 governs claims for unliquidated damages and generally permits a claimant to obtain interest on the amount of unliquidated damages that the claimant demanded.

13

only served one notice of their claim for interest. But Carr's reliance on *Daniel* and OCGA § 51-12-14, upon which our decision was based, is inapposite. Our decision in *Daniel* did not address the issue before us today. Moreover, in *Daniel*, we specifically reasoned that the express language of OCGA § 51-12-14 (b) stated that the notice of a claim "may be given on only one occasion." *Daniel*, supra, 220 Ga. App. at 590 (4).[7] Because OCGA § 9-11-68 does not contain any such language, Carr's reliance on *Daniel* and our interpretation of an entirely separate statute from the one at issue here does not require a different result in this matter.

Second, Carr argues that the General Assembly's amendment of OCGA § 9-11-68 in 2006 which changed the purported "look-back" period for an offer of settlement from the "last offer" to the date that the offer was rejected further supports her claim. But there is nothing about this change that signifies or implies, and we certainly cannot glean, that an offer of settlement survives the dismissal of an action and can serve as a basis for attorney fees in a renewal action. Simply put, while a *claim* might survive the voluntary dismissal of an action, the offer of settlement that was served in connection with that action does not survive the dismissal of that action. This is

---

[7] Notably, the General Assembly amended OCGA § 51-12-14 (b) on July 1, 2003 and deleted the phrase "may be given on only one occasion." See Ga. L. 2003, Act 363, § 6.

14

especially so, given that, as stated above, a renewal action is a new action that requires the procedural prerequisites for filing a lawsuit to be met anew.

Lastly, Carr argues that requiring a party to submit a new offer of settlement in a renewal action frustrates the purpose of OCGA § 9-11-68, which is to encourage litigants to settle their claims. But as the district court reasoned in *Nichols*, the settlement dynamic between the parties may change between the filing of an original action and a renewal action, particularly if discovery has occurred. *Nichols*, supra, 2018 WL 2220872 at * 22 (II) (B). Thus, the purpose of OCGA § 9-11-68 "would have been better served by allowing [the] [d]efendant the opportunity to consider an offer to settle this particular case after it had been filed." Id. Thus, our holding today furthers the purpose of the statute to encourage settlements, and for all of the reasons stated above, we conclude that the trial court correctly determined that Carr failed to serve a valid offer of settlement under OCGA § 9-11-68 in the renewal action.

Accordingly, we affirm the trial court's order denying Carr's motion for attorney fees and litigation expenses.

*Judgment affirmed. Mercier, C. J., and Hodges, J., concur.*

15